Francis L. PHILLIP, Appellant,

v.

ANR FREIGHT SYSTEMS, INC., Appellee.

No. 90–2756.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1991.

Decided Oct. 4, 1991.

Karen K. Howard, Kansas City, Mo., for appellant.

R. Kent Sellers, argued (John J. Yates, on brief), Kansas City, Mo., for appellee.

Before JOHN R. GIBSON and LOKEN, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Francis L. Phillip (Phillip) was born July 22, 1932. Phillip, an employee of ANR Freight Systems, Inc. (ANR), has held many positions within ANR and its predecessor company. On November 25, 1984, Phillip was demoted from operations manager to dock supervisor. Phillip's demotion resulted in a $78.00 per week salary reduction (a yearly reduction of approximately $4,000). Phillip brought this age discrimination suit against ANR, claiming that he was demoted because of his age. Following a five-day trial, the jury returned a verdict for ANR. Phillip's motion for new trial was denied and this appeal followed.

Phillip raises three issues on appeal. First, he argues that the district court judge should have recused himself. Second, Phillip argues that the court erred in excluding certain evidence regarding statements made by ANR supervisors and evidence concerning other discrimination cases filed against ANR. Third, Phillip contends that certain jury instructions were erroneous.

## A. Recusal

On the third day of trial, Phillip made an offer of proof concerning evidence of discrimination complaints against ANR. At the close of the offer, the court made the following comment:

> All right. I am not going to let them in, unproven allegations. Just because lawsuits are filed doesn't give credibility to them, especially in these cases. Those are Title VII cases. Congress has created a nightmare because they entice anybody and everybody to file those things and entice any attorney to file them in the mere chance that if they win a dollar they can win attorney fees. So I think any Title VII cases ought to be looked at with suspicion to begin with because it's a crap shoot, which everybody engages in. So I am going to deny it. . . .

The above comment was not made in the presence of the jury. After the court made the comment, Phillip's counsel made an oral motion for recusal and mistrial because of the comment. A hearing was held in chambers and the motion was denied.

Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1329-30 (8th Cir.1985). However, we note that the judge's impartiality is presumed and Phillip "bears the substantial burden of proving otherwise." *United States v. Walker*, 920 F.2d 513, 517 (8th Cir.1990); (quoting *Ouachita Nat'l Bank v. Tosco Corp.*, 686 F.2d 1291, 1300 (8th Cir.1982)). Furthermore, a district court judge's decision to recuse is reviewable only for an abuse of discretion. *Walker, supra*, 920 F.2d at 517.

Here, the district court judge voiced his feelings about Title VII, but recusal is not required where "the judge has definite views as to the law of a particular case." *Moore v. McGraw Edison Co.,* 804 F.2d 1026, 1032 (8th Cir.1986). Furthermore, "a motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from his experience on the bench." *Phillips v. Joint Legislative Comm.,* 637 F.2d 1014, 1020 (5th Cir. 1981), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 483 (1982) (district court judge's failure to recuse himself based on his "unseemly" racial comments in a racial discrimination case was not an abuse of discretion where plaintiff's affidavit did not state any facts relating to any bias of the plaintiffs or defendants in the case.) The comment of the district court was not directed toward the merits of Phillip's claim, nor did it relate to any bias toward Phillip or ANR.

Although Phillip has requested the district court judge's recusal, we do not find recusal to be necessary here because "a few improper comments do not merit reversal." *Walker, supra,* 920 F.2d at 517 (citing *Hale, supra,* 756 F.2d at 1330). We note that the district court judge is an experienced trial judge and we assume that he will refrain from making such comments when this case is retried.

### B. Evidentiary Rulings

■ At trial, Phillip made several offers of proof of evidence which he believed to be probative of his ADEA claim. These proof offers included evidence of other age discrimination lawsuits filed against ANR. The district court found that Phillip had failed to show that the cases were sufficiently similar to his own case and therefore the evidence was excluded on the grounds that it was irrelevant and unduly prejudicial. In light of our recent decision in *Hawkins v. Hennepin Technical Center,* 900 F.2d 153, 154 (8th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990), we must disagree with

the district court's exclusion of this important evidence.

In *Hawkins,* this court reversed and remanded an employee's gender discrimination and retaliatory discharge suit against her employer because the district court excluded, on relevancy grounds, evidence of alleged acts of sexual harassment committed against the plaintiff and other employees. We held that "the evidentiary exclusions were erroneous and deprived [plaintiff] of a full opportunity to present her case to the jury." *Id.* at 154. We explained that "[b]ecause an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial." *Id.* at 155–56.

In an earlier case, *Estes v. Dick Smith Ford, Inc.,* 856 F.2d 1097 (8th Cir.1988), we similarly reversed and remanded a suit by an employee alleging age and race discrimination where the district court excluded, on relevancy grounds, "evidence which tended to show a climate of race and age bias at [defendant's company]." *Id.* at 1102. We noted that an employer's background of discrimination is indeed relevant to proving a particular instance of discrimination. *Id.* at 1103.

We find the reasoning in these two cases to be compelling to our resolution of the instant case. Here, as in *Walker* and *Estes,* the admission of such "background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive." *Estes, supra,* 856 F.2d at 1103. Accordingly, we reverse the decision of the district court to exclude this evidence and remand the case for a new trial.

■ Phillip also argues that the district court improperly excluded testimony from an ANR employee, Dan Robertson, regarding statements made by ANR supervisors about Phillip and older employees. The district court excluded the evidence, finding that its admission would result in unfair

surprise in contravention of Fed.R.Civ.P. 26(e)(2) because ANR first learned of the damaging statements at the time the offer of proof was made. Based on our preceding decision to reverse and remand the case for a new trial, there is no need for us to rule on this issue, as Phillip will have an opportunity to offer this testimony at the second trial without any surprise taint. We note, however, that absent the factor of surprise, Robertson's testimony would have been admissible at the first trial.

### C. Jury Instructions

■ Lastly, Phillip argues that the jury instructions did not state the applicable standards of law as to the use of the *McDonnell Douglas* burden shifting test and that he was thereby prejudiced. The fact that the district court did not employ the exact *McDonnell Douglas* language does not make the instructions fatal. We have reviewed the jury instructions and find that the instructions, read as a whole and considered in light of the entire charge, state the governing law fairly and correctly.

For the foregoing reasons, we reverse and remand this case for a new trial.