**Carol J. POPE, Appellant,**

**Gwen G. Caranchini, Appellant,**

v.

**FEDERAL EXPRESS CORPORATION; Danny R. Collins, Appellees.**

No. 91–2376.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1992.

Decided Sept. 9, 1992.

---

Gwen G. Caranchini, Kansas City, Mo., argued, for appellant Pope.

Robert Ball, II, Kansas City, Mo., argued, for appellant Caranchini. (Karen K. Howard, on brief).

John M. Lilla, Kansas City, Mo., argued (Susan Howard, Memphis, Tenn., on brief), for appellees.

Before WOLLMAN and BEAM, Circuit Judges and VAN SICKLE,* Senior District Judge.

BEAM, Circuit Judge.

This is an appeal of the imposition of Rule 11 sanctions, and the dismissal with prejudice of appellants' Title VII action. The district court imposed Rule 11 sanctions on Pope and on her lawyer Caranchini, and dismissed Pope's action with prejudice. We affirm in part, vacate in part, and

* The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the Dis-

remand to the district court for further proceedings.

## I. BACKGROUND

This appeal involves filings made and depositions taken in the Western District of Missouri in the course of a Title VII sexual harassment case. Pope alleged that she had been the victim of sexual harassment in her place of employment, Federal Express, and that her supervisor, Collins, had harassed her. During the course of discovery, Pope, through her lawyer Caranchini, presented a document allegedly written by Collins as evidence to support her claim of sexual harassment. This document, Exhibit 203, consisted of a computer generated report to which an allegedly handwritten note with sexual overtones had been added.

Based on expert testimony and demonstrative evidence, the district court ruled that this note could not have been handwritten by defendant Collins, and instead had been manufactured as a cut and paste composite of other documents. The district court concluded that Pope lied during her October 12, 1989, supplemental deposition when she stated, under oath, that the original document with the "handwritten" innuendo, had been left on her desk, presumably by defendant Collins. The district court further ruled that Pope knew, before she produced the document, that it was a manufactured document, and that Pope produced the document with intent to mislead the court. *Pope v. Federal Express,* 138 F.R.D. 675, 681, 683 (W.D.Mo.1990). These conclusions led the district court to impose Rule 11 sanctions against Pope.

The district court found that as of the October 12, 1989, deposition, Caranchini had notice that her client was testifying falsely, and that Exhibit 203 was a manufactured document. Despite that notice, Caranchini continued to refer to, and rely on, Exhibit 203 in subsequent pleadings. Caranchini's continued reliance on this demonstrably false document was determined

trict of North Dakota, sitting by designation.

to be a violation of the Rule 11 requirement that a signer make a reasonable inquiry into the validity of pleadings. The district court therefore imposed Rule 11 sanctions on Caranchini in addition to her client Pope.

After determining that Pope and Caranchini had violated Rule 11 by knowingly presenting and relying on a falsified document, the court dismissed the Title VII action with prejudice under Rule 41(b), and imposed attorney's fees of $30,000 jointly and severally upon Pope and Caranchini. The district court also held Pope liable for an additional $8,882.50 of legal fees, $5000 of which was the cost of having the handwriting expert, Charles C. Scott, examine Exhibit 203. It is from these rulings that Pope and Caranchini have appealed.

Pope and Caranchini assert that the district court abused its discretion in awarding attorney's fees under Rule 11 and in failing to recuse himself. Pope and Caranchini also allege that the district court's dismissal of Pope's Title VII action with prejudice violated Pope's Seventh Amendment right to a trial by jury.

## II. DISCUSSION

### 1. Seventh Amendment

■ We have reviewed appellants' Seventh Amendment argument and find it lacking in merit. Appellants argue that Federal Express had presented no direct evidence that Pope manufactured Exhibit 203, and that therefore the issue of whether Pope believed she had an original document should be decided by a jury. Appellants concede, however, that Exhibit 203 was a manufactured document. Therefore there is no jury issue. We find the district court's conclusion that Pope "acted in bad faith and with improper purpose in a manner which jeopardizes the integrity of the judicial system" to be supported by the record. *Pope,* 138 F.R.D. at 683.

In *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), the Supreme Court acknowledged that a determination under Rule 11 of whether a complaint was supported by fact and law "to the best of the signer's knowledge, information, and belief", neces-

sarily involved some assessment of credibility. *Id.* at 402, 110 S.Ct. at 2459. While a determination of credibility is generally a factual matter within the province of a jury; the "fact-dependent legal standard mandated by Rule 11" is an issue for the district court to determine. *Id.*

■ Dismissal of Pope's lawsuit is a severe sanction, yet under the circumstances we cannot find that such a sanction constitutes an abuse of the district court's discretion. The dismissal of Pope's suit was based on the district court's finding that manufactured evidence and perjured testimony had been introduced in an attempt to enhance the case through fraudulent conduct. When a litigant's conduct abuses the judicial process, the Supreme Court has recognized dismissal of a lawsuit to be a remedy within the inherent power of the court. *Chambers v. NASCO, Inc.,* —— U.S. ——, ——, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991). We affirm the district court's dismissal of Pope's Title VII action.

### 2. Attorney's Fees

■ In reviewing Rule 11 determinations, an appellate court must apply an abuse of discretion standard, *Cooter & Gell,* 496 U.S. at 405, 110 S.Ct. at 2460. Although we find that the district court did not abuse its discretion, we find that the award of monetary sanctions against Pope and Caranchini must be vacated and remanded to the district court for reconsideration in light of recent developments. In its opinion, the district court referred to *White v. General Motors Corp., Inc.,* 699 F.Supp. 1485 (D.Kan.1988), in which a significant Rule 11 sanction had already been awarded against Caranchini and her clients. The district court noted that the Tenth Circuit had remanded *White* for reconsideration of the attorney's fees award, *White v. General Motors Corp., Inc.,* 908 F.2d 675 (10th Cir.1990), but that no ruling had been reached on remand.

In September 1991, the district court for the District of Kansas issued its ruling. *White v. General Motors Corp.,* 139 F.R.D. 178 (D.Kan.1991). The district court in

*White* revised its initial award of $172,-382.19 in attorney's fees downwards to $50,000, and imposed liability for this $50,-000 award solely upon Caranchini. *Id.* at 183.

In light of this development, we remand the issue of Rule 11 sanctions to the district court. On remand the district court should consider the substantial Rule 11 sanction imposed in *White* in its determination of appellants' ability to pay a sanction. The district court should also consider whether such a substantial monetary penalty constitutes the least severe sanction that will adequately deter the undesirable conduct. *Doering v. Union County Bd. Of Chosen Freeholders,* 857 F.2d 191, 194 (3rd Cir.1988). We are inclined to believe that dismissal with prejudice is a sufficient sanction, at least as to Pope, but that is a matter within the discretion of the district court.

### 3. Recusal

■ Under 28 U.S.C. § 455(a) (1983), a judge must disqualify himself or herself in any proceedings in which his or her impartiality might reasonably be questioned. *Hale v. Firestone Tire & Rubber Co.,* 756 F.2d 1322, 1329 (8th Cir.1985); *United States v. DeLuna,* 763 F.2d 897, 907 (8th Cir.1985). A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise. *Ouachita Nat'l Bank v. Tosco Corp.,* 686 F.2d 1291, 1300 (8th Cir.1982). Further-

more, a decision on a recusal or disqualification motion is committed to the sound discretion of the trial judge. Absent an abuse of that discretion, this court must affirm the decision of the trial court. *Gilbert v. City of Little Rock, Ark.,* 722 F.2d 1390 (8th Cir.1983).

■ 28 U.S.C. § 455(a) requires the use of an objective standard of reasonableness in deciding a disqualification motion. *United States v. Poludniak,* 657 F.2d 948, 954 (8th Cir.1981). This objective standard is not a test of whether the judge, or a party, might believe that a bias existed, but whether the "average person on the street" would question the impartiality of the judge, under the circumstances. *Id. See also, DeLuna,* 763 F.2d at 907 (recusal is appropriate only when the facts of the case provide what an "objective, knowledgeable member of the public" would find to be a reasonable basis for doubting the impartiality of the judge.)

The evidence that appellants have offered to prove bias on the part of Judge Whipple falls far short of this objective standard of proof. Appellants cite two different sets of circumstances as evidence of bias against their case: statements made by Judge Whipple during the course of *Phillip v. ANR Freight Sys., Inc.,* 945 F.2d 1054 (8th Cir.1991),[1] an unrelated case, and comments made by Judge Whipple during the course of sanction hearings in this case[2]. This evidence proffered to demonstrate bias can at best be characterized as weak and inconclusive.

---

1. During the course of trial, Judge Whipple refused to allow the introduction of evidence that other lawsuits had been filed against the defendant ANR Freight. He stated:

   I am not going to let them in, unproven allegations. Just because lawsuits are filed doesn't give credibility to them, especially in these cases. Those are Title VII cases. Congress has created a nightmare because they entice anybody and everybody to file those things and they entice any attorney to file them in the mere chance that if they win a dollar they can win attorney fees. So I think any Title VII cases ought to be looked at with suspicion to begin with....

   *Phillip,* 945 F.2d at 1055.

2. The court referred to Ms. Caranchini as "this woman." In context, the court stated:

   No. I'm not asking her to investigate and prove that Carol Pope did it. What my order said was when Carol Pope repeatedly asserted at that deposition that she once had the original, the document that had been written on by a human hand, a human being, *this woman* was put on notice that her client was lying after she was shown that an original never existed....

   Transcript of hearing, Dec. 21, 1990, at 5. (emphasis added).

   Judge Whipple also referred to Ms. Pope as "this woman" or "that woman" during the course of the hearings. Transcript of hearing, April 5, 1990, at 631–33.

Caranchini asserts that these statements unequivocally demonstrate an extrajudicial bias on the part of the court against anything to do with Title VII cases, the plaintiffs who bring them, and their counsel. A careful perusal of Judge Whipple's statements does not lead this court to that same conclusion. While references to Pope or Caranchini as "that woman" or "this woman" might be interpreted as pejorative; such an interpretation is not compelled. A more likely interpretation is that Judge Whipple's statements are merely references to a person before the court.

Appellants' allegations concerning statements made by Judge Whipple in the course of the *Phillip* case border on the frivolous. This court has already reviewed those comments and has ruled that recusal was not mandated in *that case. Phillip*, 945 F.2d at 1056. In light of our decision in *Phillip*, appellants could not entertain a good faith belief that those same comments would compel recusal in this unrelated case.

We have carefully reviewed the statements of the trial judge, as well as the context in which they were made, and we cannot find that the statements amount to bias against appellants. Nor can we find that Judge Whipple abused his discretion in denying the recusal motion. Therefore, the district court's denial of appellants' motion to recuse is affirmed.

III. CONCLUSION

For the reasons stated above, we affirm the district court's dismissal of Pope's Title VII claim with prejudice. We affirm the district court's denial of appellants' motion to recuse. We vacate the Rule 11 monetary sanctions and remand to the district court for further proceedings consistent with this opinion.