STATE of Missouri ex rel. Kim SWYERS, Relator,

v.

The Honorable Kenneth M. ROMINES, Judge, 21st Judicial Circuit, St. Louis County, Missouri, Respondent.

No. 63970.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 10, 1993.

---

1. All statutory references are to the 1992 Supplement of the Revised Statutes of Missouri.

Michael J. Hoare, John Lynn, Michael J. Hoare & Associates, St. Louis, for relator.

Ellen F. Crinckshank, Harry W. Wellford, Jr., Charles M. Poplstein, Thompson & Mitchell, St. Louis, for respondent.

CRANE, Presiding Judge.

Relator, Kim Swyers, seeks a writ of mandamus to set aside the order of respondent, the Honorable Kenneth M. Romines, sustaining objections to certain interrogatories propounded by relator in her underlying employment discrimination action. Respondent sustained objections to interrogatories pertaining to prospective employer's employment practices prior to December 1989, the last month within the statute of limitations governing relator's claim. We now make our preliminary writ of mandamus permanent because the statute of limitations governing an employment discrimination action does not bar discovery of relevant matters occurring outside the statutory time frame.

Swyers filed the underlying action for employment discrimination under Chapter 213 RSMo on December 23, 1991 against defendant, Thermal Science, Inc. (TSI). In her petition Swyers alleged that she applied for a position with TSI in March 1989, again during the summer of 1989, and again in January 1990 and that TSI failed to hire her because of her sex. Swyers served interrogatories 4, 11, 14, 15 and 16 on TSI seeking information about its employment practices. Interrogatory 4 sought information regarding all hourly employees employed by TSI since January 1, 1985. Interrogatories 11, 15 and 16 sought information regarding the hiring of hourly employees, layoffs of any workers, and the hiring of female workers during the period of January 1, 1989 to the present. Interrogatory 14 sought information about persons with knowledge of relator's employment efforts from January 1, 1989 to the present.

TSI objected to these interrogatories to the extent they sought information prior to December 22, 1989 on the grounds that the two year statute of limitations applicable to Swyers' action limited discovery to events occurring within the two years prior to filing. Swyers filed a motion to compel disclosure/production. After a hearing, respondent sustained TSI's objections to interrogatories 4, 11, 14, 15 and 16 and denied discovery of events occurring before December 1989. Respondent denied Swyers' motion for reconsideration.

■ Swyers petitions this court for writ of mandamus. Mandamus is appropriate to review a trial court's sustention of objections to discovery because a trial court has no discretion to deny discovery of matters which are relevant to the lawsuit and are reasonably calculated to lead to the discovery of admissible evidence when the mat-

ters are neither work product nor privileged. *State ex rel. Southwestern Bell Publications v. Ryan,* 754 S.W.2d 30, 32–33 (Mo.App.1988).

Swyers brought her action under § 213.055.1(1)(a) RSMO 1986, which provides that it is unlawful for an employer to fail or refuse to hire any individual because of such individual's sex. A complaining party must bring suit "no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." Section 213.111.1 RSMo 1986. Respondent contends that this time limitation bars any discovery of events occurring prior to December 23, 1989, which was two years before Swyers filed her suit.[1] We disagree.

The scope of discovery is governed by Rule 56.01(b)(1), which provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

"Interrogatories may relate to any matters which can be inquired into under Rule 56.01." Rule 57.01(b). "The simple test is whether such evidence tends to prove an issue." *State ex rel. Thomasville Wood Products v. Buford,* 512 S.W.2d 220, 222 (Mo.App.1974).

Swyers attempts to allege a claim for disparate treatment based on sex under § 213.055 RSMo 1986. Under the analysis established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), a party complaining of disparate treatment must first establish a *prima facie* case of sex discrimination. *Valle Ambulance Dist. v. Missouri Comm'n on Human Rights,* 748

S.W.2d 710, 711 (Mo.App.1988). The burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for its refusal to hire. *Id.* If the employer articulates such a rationale, the complaining party must then demonstrate that the employer's stated reason is actually a pretext for discrimination. *Id.*

■■ Information concerning an employer's background of discrimination occurring *prior* to the effective date of the claim is relevant in a disparate treatment case both to prove particular instances of discrimination in establishing a *prima facie* case and to show that the employer's asserted reasons are pretextual. *Phillip v. ANR Freight Sys.,* 945 F.2d 1054, 1056 (8th Cir.1991). " '[A]n employer's *past* discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination....' " *Id.* (emphasis added) (quoting *Hawkins v. Hennepin Technical Ctr.,* 900 F.2d 153, 155–6 (8th Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990)). Relevant factors in evaluating pretext include the employer's treatment of similarly situated males, the employer's treatment of the complaining party, and statistics as to an employer's employment practices. *Valle Ambulance,* 748 S.W.2d at 712.

■■ Swyers sought to discover information about TSI's employment practices prior to the statutory limitations period of her claim. Such information may be relevant to show pretext. In *Cormier v. PPG Indus.,* 452 F.Supp. 594, 595 (W.D.La.1978), a Title VII race discrimination action, the district court stated, "There is no question that plaintiffs are entitled to secure discovery of acts prior to the effective date of their claims. The only question is whether they shall be permitted to go as far back in history as they want." After reviewing other district court cases, the district court determined that plaintiffs should be al-

---

1. We assume for the purposes of this opinion that the statute of limitations period begins two years prior to the date Swyers filed her suit. Relator also argues that she has alleged a continuing violation, which she contends allows suit on events occurring prior to the two year statutory time limit. Because we hold that discovery is not barred by the statute of limitations, we do not reach the issue of whether there was a continuing violation.

lowed to discover employment practices within a reasonable time frame prior to the alleged discriminatory act. The district court found five years to be a reasonable time frame in that case.

Relator is allowed to inquire into TSI's employment practices within a reasonable time frame prior to the alleged discriminatory act. Respondent abused his discretion by refusing to allow discovery of employment practices prior to December 1989 and limiting discovery to events occurring within the time frame of the statute of limitations.

Accordingly, our preliminary order is made permanent and respondent is directed to vacate that portion of his order of March 29, 1991 which sustained TSI's objection to discovery of information sought by interrogatories 4, 11, 14, 15 and 16 concerning events occurring prior to December 1989 and to grant such discovery concerning events occurring a reasonable time prior to the alleged discriminatory act.

KAROHL and AHRENS, JJ., concur.