**Maureen D. STRUB, Plaintiff,**

v.

**PUBLIC SERVICE COMPANY OF COLORADO, Defendant.**

Civ. A. No. 93–F–1718.

United States District Court,
D. Colorado.

Nov. 8, 1993.

Timothy A. Correll, Waltz, D'Antuono, Correll & Anderson, Denver, CO, for plaintiff.

David W. Kerber, William L. Sasz, Mary L. Will, Kerber & Sasz, P.C., Denver, CO, for defendant.

## ORDER REGARDING MOTION TO DISMISS

SHERMAN G. FINESILVER, Chief Judge.

In this employment discrimination suit, Plaintiff asserts claims based on sex discrimination in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*, breach of contract, and promissory estoppel. This matter comes before the Court on Defendant's *Motion To Dismiss*,[1] which has been fully briefed by the

---

1. In its *Reply To Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss*, Defendant urges the Court to treat its motion as one for summary judgment pursuant to FED.R.CIV.P.

parties. Jurisdiction is based on 42 U.S.C. §§ 2000e *et seq.* and 28 U.S.C. § 1331.

## I. BACKGROUND [2]

Plaintiff worked for Defendant Public Service Company of Colorado from 1981 until 1992 in various capacities. In Plaintiff's First Claim For Relief, based on sexual discrimination, sexual harassment, and retaliation, she contends that throughout her tenure with Defendant she was subjected to intentional sexual discrimination, which manifested itself in at least six ways, as set forth in paragraphs 79(a)–(f) [3] of her Complaint: (a) that she was discriminated against by termination; (b) that Defendant allowed sexual harassment and a hostile work environment to exist without taking corrective action; (c) that Defendant subjected her to unequal pay; (d) that Defendant failed to promote her; (e) that Defendant failed to take corrective action to correct the discriminatory policies and practices complained of by her; and (f) that Defendant retaliated against Plaintiff when she reported discrimination. Plaintiff alleges that from almost the beginning of her tenure at Public Service Company, she was under-compensated and under-promoted in relation both to her own achievements and in comparison with male employees. Her complaint also states that she began bringing her (and her supervisor Mr. Weseloh's) concerns about possible discrimination to the attention of higher supervisors in early 1985. Plaintiff alleges that her early complaints continued to haunt her through various assignments and positions with the company, and ultimately contributed

to her being terminated in January 1992 rather than being offered a new position as a Strategic Project Officer after a reorganization in her division. Plaintiff's Complaint states that on June 5, 1992, she filed a charge of employment discrimination with the Equal Employment Opportunity Commission, and that she has received a "Right To Sue" letter from the EEOC.[4]

## II. STANDARD FOR MOTION TO DISMISS

Under FED.R.CIV.P. 8(a)(2), a plaintiff is required to offer a short and plain statement of the claims against defendants. "This requirement guarantees that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.,* 767 F.Supp. 1062, 1069–70 (D.Colo. 1991), *aff'd* 964 F.2d 1022 (10th Cir.1992) (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957)).

A claim should not be dismissed under FED.R.CIV.P. 12(b) unless a plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Tri–Crown, Inc. v. American Fed. Sav. & Loan Ass'n,* 908 F.2d 578, 582 (10th Cir.1990). The court must accept all factual allegations as true and must draw all reasonable inferences in favor of the nonmoving party. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. All of the plaintiff's pleadings must be lib-

56, as both parties have submitted matters outside the pleadings. However, the Court has not given notice to either side that this 12(b)(6) motion was to be converted into one for summary judgment, and because the exhibits attached to the original motion, response, and reply constitute Plaintiff's charge of discrimination, personal statement, and appeal from the Notice of Determination Finding Of No Probable Cause only, the motion will remain one under FED.R.CIV.P. 12(b)(6). *See, e.g., Hansbury v. Regents of the University of California,* 596 F.2d 944, 947–48 (10th Cir.1979); *Franklin v. Oklahoma City Abstract & Title Co.,* 584 F.2d 964, 967 (10th Cir. 1978).

Defendant's motion is actually a *partial* motion to dismiss, as it relates only to Plaintiff's First Claim For Relief.

**2.** All factual recitations contained in this order have been alleged in the litigants' pleadings.

**3.** Plaintiff filed a *Motion For Leave To File First Amended Complaint* on November 3, 1993, which was granted November 4, 1993. The paragraphs in the First Amended Complaint that correspond to paragraphs 79(a)–(f) are paragraphs 92–97. This order refers to the paragraphs in Plaintiff's original Complaint.

**4.** Although Plaintiff denoted this letter as Exhibit A, and indicated that it was attached to the Complaint, the Court to date has not received a copy of such a letter.

erally construed. *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). As long as a plaintiff offers evidence in support of a legally recognized claim for relief, motions to dismiss must be denied. *Fostvedt v. United States, I.R.S.,* 824 F.Supp. 978, 985 (D.Colo. 1993).

## III. ANALYSIS

Defendant's *Motion To Dismiss* seeks to dismiss several of the charges Plaintiff makes in her First Claim For Relief. Defendant contends that the discriminatory acts alleged in paragraphs (b) through (e) must be dismissed for two reasons. Namely, Defendant argues that with respect to each, Plaintiff has failed to exhaust her administrative remedies and that, even if Plaintiff had exhausted her remedies, they were untimely filed in her charge of discrimination with the EEOC. As Defendant seeks to have these allegations dismissed for the same reasons, they will be dealt with together.

### A. Failure To Exhaust Administrative Remedies

■ Under 42 U.S.C. § 2000e–5 (West Supp.1993), a plaintiff must exhaust certain administrative remedies as a precursor to bringing a case in federal court. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). A plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission or similar state agency. In addition, "[a]s a general rule, where charges are not brought before the EEOC, federal courts are without jurisdiction to hear them." *Martin v. Nannie And The Newborns, Inc.,* 3 F.3d 1410, 1416 n. 7 (10th Cir.1993). A district court also has jurisdiction, however, over claims of discrimination that, while not administratively exhausted, are "reasonably related to a charge already submitted to EEOC," *Archuleta v. Colorado Dept. of Institutions,* 936 F.2d 483, 488 (10th Cir.1991), or where "the conduct alleged would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made." *Martin,* 3 F.3d at 1416. "The EEOC charge must be construed liberally." *Riggs v. K–G Retail Stores, Inc.,* No. 92–F–2170 (D.Colo. Jan. 27, 1992). *See also EEOC v. World's Finest Chocolate,* 701 F.Supp. 637, 640 (N.D.Ill. 1988) ("charges are to be construed with 'utmost liberality' " and "'[a]n EEOC complaint contains factual statements only, which may implicate several types of illegal discrimination' ") (quotations and citations omitted).

■ Examining Plaintiff's EEOC charge alone,[5] a reasonable investigation would include determining whether or not Defendant refused to hire Plaintiff because of her gender and whether or not that refusal to hire was also based on retaliation for discrimination complaints made in 1985.[6] In addition, the Court finds that a reasonable investigation would have to determine the events surrounding Plaintiff's alleged complaints made in 1985 in order to have a basis for determining the facts of the retaliation charge.[7] In Plaintiff's Discrimination Statement in her

---

5. The Court, while not basing its decision on Plaintiff's Personal Statement that, according to her *Response,* supplemented her original charge of discrimination, and is attached as Exhibit A to the *Response,* notes that a reasonable investigation into Plaintiff's charge of discrimination would include such information if it was provided to the EEOC. Defendant's citation of *EEOC v. Bellemar Parts Indus. Inc.,* 865 F.2d 780 (6th Cir.1989) is inapposite, as in that case the court found that *no* sworn allegations had been lodged against the defendant corporation. Where, as here, the charging party has made out a sworn charge filed with the EEOC, it is simply incorrect to state, as Defendant does, that in order to be considered in an investigation, Plaintiff's supplemental statement itself must also amount to a "charge."

6. Defendant does not seek to dismiss the allegations contained in paragraphs 79(a) (termination based on discrimination) and 79(f) (retaliation).

7. In the Notice of Determination Finding Of No Probable Cause, filed as Exhibit C to Defendant's *Reply,* at paragraph D.14., the investigator for the Colorado Civil Rights Division (CCRD) notes that the Respondent (Defendant) stated that the company has no knowledge of any 1985 incident, nor could any files be found relating to such an incident. Plaintiff contends, in her Appeal To The Colorado Civil Rights Division at paragraphs C.3 & C.4, attached to Defendant's *Reply* as Exhibit B, that she presented evidence to the Division relating to her 1985 complaints.

charge to the EEOC, Plaintiff states, at paragraph 6:

> In August of 1985, I threatened to file a sex discrimination complaint because I was refused a promotion to Lead Analyst. I was told by Paul Thomsen, Division Manager-human resources, that it was too much money for a woman to make and too fast for a woman to move in the company.

In addition, at paragraph 5, Plaintiff's charge states:

> To my knowledge, the reason I did not get one of the positions [of Strategic Planning Officer] is because Ralph Sargent III, Treasurer, reorganized the division[.]

The Court finds that the factual allegations set forth in Plaintiff's charge would reasonably lead to an investigation surrounding Plaintiff's accusations relating to Mr. Sargent; to her charge that the company failed to promote her in 1985; that the reasons included that a woman could not be paid "too much"; and that the company continued to treat Plaintiff discriminatorily from the earlier incident in 1985 through her termination in 1992. Consequently, the Court cannot say that Plaintiff's allegations in her First Claim For Relief relating to: (c) unequal compensation; (d) failure to promote; and (e) lack of affirmative action to correct effects of policies and practices complained of, are not related to or arising from her original charge of discrimination. The Court thus has jurisdiction over these allegations.

■ As for Plaintiff's complaint of sexual harassment or hostile work environment, while the Court has examined cases cited by Defendant calling for separate and distinct allegations regarding sexual harassment as distinguished from other forms of sexual discrimination, in this case we need not establish such a bright line rule. Plaintiff's charge of discrimination, however, nowhere contains a hint that she suffered from, or had ever alleged, either quid pro quo or hostile environment sexual harassment. *See Martin,* 3 F.3d at 1414 (citing two principal theories of Title VII sexual harassment). Even the broad parameters of Plaintiff's charge of discrimination, which we have found could encompass the remaining allegations in her First Claim For Relief, could not reasonably be expected to involve investigating sexual harassment relating to Plaintiff's employment. *See Riggs,* 92–F–2170, slip op. at 8–9, in which this Court held that "the material filed with the EEOC would have caused an investigation into sexual harassment in the [ ] workplace. Plaintiff's Intake Questionnaire specifically uses the term 'hostile environment'." In this case, the Court cannot say that either a reasonable investigation would have turned up evidence relating to sexual harassment, nor that the material presented to the Court indicates that Plaintiff has exhausted her administrative remedies with regard to this allegation.

## B. Untimeliness Of Allegations

■ Defendant also contends that the allegations contained in paragraphs 79(b) through (e) are time barred. Defendant states that Plaintiff must have complied with the 180–day time limit contained in 42 U.S.C. § 2000e–5(e) for each allegation contained in her charge, and included in her complaint. In *Furr v. AT & T Technologies, Inc.,* 824 F.2d 1537 (10th Cir.1987), the Tenth Circuit Court of Appeals recognized the "continuing course of conduct" doctrine in a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* In *Allen v. Denver Pub. Sch. Bd.,* 928 F.2d 978 (10th Cir.1991), the Court extended the doctrine to a Title VII claim. "Under that doctrine, a claim of discrimination may include challenges to incidents which occurred outside the statutory time limitations of Title VII if the various acts constitute a 'continuing pattern of discrimination.' " *Martin,* 3 F.3d at 1415, *quoting Furr,* 824 F.2d at 1543; and *citing Allen,* 928 F.2d at 984. "There must, however, be at least one instance of the discriminatory practice within the filing period for the doctrine to apply, and the earlier acts must be part of a continuing policy or practice that includes the act or acts within the statutory period." *Martin,* 3 F.3d at 1415, citing *Furr,* 824 F.2d at 1543. *See also Estate of Pitre v. Western Electric Co., Inc.,* 975 F.2d 700, 705 (10th Cir.1992); *Lambert v. Genesee Hospital,* 10 F.3d 46 (2d Cir.1993).

In this case, Plaintiff's charge of discrimination and her Complaint allege that begin-

ning in 1985, when she was denied a promotion to Lead Analyst, and continuing through to her termination in January of 1992, Defendant treated Plaintiff unfairly and discriminatorily because of her gender. The retaliation that affected her from the time of her complaints in 1985, she contends, was intimately related to the discrimination she suffered while in Defendant's employ and to her termination. The violations alleged by Plaintiff indicate that throughout her movement within the company she was subject to various forms of discriminatory treatment; that the problems dogged her progress through the ranks at different intervals, in different departments and under different supervisors; and that the retaliation resulting from her initial 1985 complaints had a continuing effect on Plaintiff despite her forbearance from bringing a claim at that time. *See Martin,* 3 F.3d at 1415 (describing considerations relevant to a determination of whether a continuing violation exists, *citing Berry v. Board of Supervisors Of Louisiana State Univ.,* 715 F.2d 971, 981 (5th Cir.1983), *cert. denied,* 479 U.S. 868, 107 S.Ct. 231, 93 L.Ed.2d 157 (1986)). Plaintiff's failure to follow through with her threat to file a sex discrimination suit when she was denied a promotion in 1985 is not helpful to Plaintiff under this equitable doctrine, under the "permanence factor" used as a consideration in the determination of the existence of a continuing violation. *Martin,* 3 F.3d at 1415. Yet it cannot be said that a reasonable person would not have avoided suing their employer in the belief that the situation would improve, and the analysis of the subject matter and frequency factors in the test enunciated in *Martin* are enough to keep her claims from being dismissed at this time. *Id.* at 1415–16.

## IV. ORDER

ACCORDINGLY, it is ORDERED that:

(1) Defendant's *Motion To Dismiss* is GRANTED IN PART and DENIED IN PART;

(2) Defendant's *Motion to Dismiss,* as it relates to paragraph 79(b) of Plaintiff's Complaint, is GRANTED; Defendant's *Motion To Dismiss* is DENIED as to paragraphs 79(c), (d), and (e) of Plaintiff's Complaint.

(3) Plaintiff's First Claim For Relief, as it relates to paragraph 79(b) of her Complaint, is DISMISSED.