Linda BUTTA–BRINKMAN, Plaintiff,

v.

**FCA INTERNATIONAL, LTD., d/b/a Financial Collection Agencies, Inc., Defendant.**

No. 95 C 3632.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 21, 1995.

Ernest Thomas Rossiello, Margaret Ann Zuleger, Rossiello & Associates, Chicago, IL, for plaintiff.

Bruce R. Alper, Janet Marie Hedrick, Vedder, Price, Kaufman & Kammholz, Chicago, IL, Allan M. Dabrow, Gina M. Ameci, Peter A. Muhic, Mitchell Feigenbaum, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, PA, for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

■ Defendant FCA International ("FCA") objects to several aspects of an order entered by Magistrate Judge Guzman on September 28, 1995, in which he granted in part and denied in part the plaintiff's motion to compel. Specifically, the Magistrate Judge ordered FCA to provide Butta–Brinkman with information and documentation relating to any allegations, charges, or complaints of sexual harassment at the company during the preceding five years. Defendant argues that this order does not limit discovery to relevant information, and improperly requires the disclosure of confidential documents.[1] We will reverse or modify a nondispositive pretrial order such as this one only if it is shown to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

■ Defendant argues that discovery in this matter should be limited to allegations of sexual harassment involving the plaintiff's alleged harasser, or allegations of harassment in the Lombard, Illinois office where Plaintiff was employed. However, even if a hostile work environment was created by Butta–Brinkman's co-worker, in order to hold FCA liable the plaintiff would still have to demonstrate that the company failed to take appropriate remedial action. *See Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 446 (7th

Cir.1994). While it is true that complaints about sexual harassment in other offices of FCA would not be relevant to show that the plaintiff herself endured a hostile work environment, *see Dellert v. Total Vision, Inc.*, 875 F.Supp. 506, 511 (N.D.Ill.1995) ("Statements about which [the plaintiff] was unaware cannot have created a hostile environment."), they may be probative of whether FCA's harassment policy was adequate, *see Phillip v. ANR Freight Sys., Inc.*, 945 F.2d 1054, 1056 (8th Cir.1991). Accordingly, because allegations of harassment at other offices may be relevant to the plaintiff's case, this objection is overruled.

■ Defendant next objects to the production of those documents that would undermine the company's policy of conducting confidential investigations into complaints of sexual harassment.[2] While we recognize the significant interests served by a confidentiality policy, we believe them to be outweighed by the importance of allowing the discovery of evidence that can support a claim of sexual harassment. *Cf. University of Pennsylvania v. E.E.O.C.*, 493 U.S. 182, 193, 110 S.Ct. 577, 584, 107 L.Ed.2d 571 (1990) (rejecting argument that confidentiality of peer reviews justified noncompliance with EEOC subpoena). Moreover, we decline to adopt a position which would permit companies to preclude the discovery of all documentation relating to previous charges of sexual harassment simply by enacting a confidentiality policy. To the extent FCA wishes to keep the names of complaining employees confidential, it may seek a protective order under Fed.R.Civ.P. 26(c). However, we do not believe that FCA should be permitted to avoid discovery altogether. Accordingly, this objection is overruled.

■ Finally, the defendant contends that it should not be required to turn over confidential settlement agreements reached in other cases involving sexual harassment. FCA argues that the strong congressional policy favoring settlement weighs in favor of

---

1. Initially, Defendant also objected to the discovery of documentation protected by the attorney-client privilege or the work-product doctrine. However, because of a subsequent favorable ruling by Magistrate Judge Guzman on these issues, the defendant has withdrawn these objections to the September 28 order.

2. Specifically, FCA's policy manual states:

   Wherever possible, FCA will protect the confidentiality of complainants and witnesses in all matters related to sexual harassment issues. Def.'s Obj., Ex. B, at 5.

keeping such documents protected, so long as the information is available through other means. *See Cook v. Yellow Freight Sys., Inc.,* 132 F.R.D. 548, 554–55 (E.D.Cal.1990) (denying motion to compel production of documents containing information about confidential settlement discussions); *Bottaro v. Hatton Assocs.,* 96 F.R.D. 158, 160 (E.D.N.Y. 1982) (denying motion to compel production of settlement agreement); *see also Grove Fresh Distribs., Inc. v. John Labatt, Ltd.,* 888 F.Supp. 1427, 1441 (N.D.Ill.1995) ("And while there is simply no legitimate public interest to be served by disclosing settlement agreements, the parties to the agreement are likely to have a compelling interest in keeping the settlement amount confidential.") (quotations omitted). We find this reasoning compelling. Absent a showing by the plaintiff that she will be unable to obtain the relevant information through other discovery requests or interrogatories, we believe these settlement documents ought to retain their confidentiality. Accordingly, we sustain this portion of FCA's objection, and deny the plaintiff's motion to compel the production of confidential settlement agreements reached with other employees.

For the reasons set forth above, the defendant's objections are overruled in part and sustained in part. It is so ordered.