**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CANDACE JANSSEN,

      Plaintiff-Appellant,

v.

COBE LABORATORIES, INC.,
a corporation,

      Defendant-Appellee.

Nos. 98-1065 & 98-1113
(D.C. No. 95-K-2890)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). These appeals are therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Candace Janssen appeals from the district court's adverse summary judgment ruling on the substantive merits of her employment discrimination claims (appeal No. 98-1065) and from that court's ruling awarding costs to defendant (appeal No. 98-1113). Our jurisdiction over these appeals arises from 28 U.S.C. § 1291. We reverse and remand both cases to the district court for further proceedings.

Plaintiff was terminated from her employment with defendant COBE Labs, Inc., in 1995. She was told that her termination had nothing to do with her performance, but was part of a reorganization following the company's sale of one of its service lines. Shortly prior to the announced sale and reorganization, however, defendant had conducted a "critical skills evaluation" of its employees. Plaintiff scored fairly low, but above two other employees who were not terminated. She was not told about the skills evaluation or its results. She filed charges of gender and disability discrimination with the EEOC, followed by this lawsuit in district court.

Appeal No. 98-1065

Plaintiff challenges two rulings by the district court on her substantive claims: the grant of summary judgment to defendant on her claims filed pursuant

to Title VII and the Americans with Disabilities Act (ADA) ,[1] and the denial of

a motion to amend her pleadings to include age and race discrimination claims.

Both of the challenged rulings were contained in the magistrate's report and

recommendation which was subsequently adopted by an order of the district court.

*See* Appellant's App., Vol. VI at 1138-39.


1.     Summary Judgment

>   We review the district court's grant of summary judgment de novo.
>   Applying this standard, we examine the factual record and reasonable
>   inferences therefrom in a light most favorable to the nonmoving
>   party.  We will uphold the decision only if no genuine issue of
>   material fact exists and the party is entitled to judgment as a matter
>   of law.  A mere scintilla of evidence supporting the nonmoving
>   party's theory does not create a genuine issue of material fact.
>   Instead, the nonmoving party must present facts such that
>   a reasonable jury could find in its favor.

*Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999) (citations

omitted).

Our review of the record on appeal, applying the above standards,

convinces us that the district court erroneously applied the law and failed to

acknowledge material factual allegations in the record.  Addressing plaintiff's

---

[1]     Plaintiff originally brought additional claims pursuant to the Rehabilitation
Act and the Colorado Anti-Discrimination Act, which were also denied by the
district court.  However, she does not reassert these claims on appeal, thereby
waiving them.  *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7
(10th Cir. 1994).

ADA claim, the district court first concluded that plaintiff failed to establish that she had a disability "which is substantial or effects [sic] a major life activity." Appellant's App., Vol. VI at 1054. The court's analysis in support of this conclusion suggests a requirement that the alleged disability affect plaintiff's ability to work. Applicable law, however, does not require that the disability affect a claimant's work, only that it affect a major life activity. *See McGuinness v. University of N.M. Sch. of Med.*, 170 F.3d 974, 978 (10th Cir. 1998) (commenting that alleged disability need not "affect those aspects of a person's life that have a public or economic character"), *cert. denied*, 119 S. Ct. 1357 (1999). [2]

In analyzing plaintiff's alleged disability, the district court also minimized her assertions that her TMJ affects her speaking, eating, walking, sleeping, and having sexual relations, *see* Appellant's Br. at 7-8, summarizing them as "complaints . . . that she cannot ride a bicycle, must east [sic] soft food, has trouble sleeping, has lost weight and experiences some pain in her jaw." *See* Appellant's App., Vol. VI at 1054. This discussion appears to suggest that

---

[2]     Indeed, the Supreme Court recently noted that the EEOC itself "has expressed reluctance to define 'major life activities' to include working and has suggested that working be viewed as a residual life activity, considered, as a last resort, only '[i]f an individual is not substantially limited with respect to any other major life activity.'" *Sutton v. United Air Lines, Inc.*, 119 S. Ct. 2139, 2151 (1999) (citing 29 C.F.R. pt. 1630, App. § 1630.2(j)).

plaintiff's allegations do not support her claims of a substantial disability, but the court did not expressly state this conclusion, analyze the allegations in light of applicable law, or cite cases which would support such a conclusion.

Next, the district court concluded that, even if plaintiff were disabled under the ADA, "[t]here is not one scintilla of evidence that [plaintiff's] TMJ problem was a determining factor in her termination." *See id.* at 1055. The only statement in support of this conclusion is the court's assertion that none of the persons on the committee which made the termination decisions was aware of any disability problems related to plaintiff's work. *See id.* However, record evidence contradicts that statement. Plaintiff's affidavit states that, prior to her termination, she had met separately with Pat Hart and Teresa Blandford, both members of the termination committee, and communicated to them her fears that her health problems and resulting absences from work had affected how she was being treated or would lead to her being fired. *See id.*, Vol. IV at 602-03. Further, other evidence supports plaintiff's contentions that her disability may have been a factor in her termination. For example, the supervisor who rated her for the critical skills evaluation testified in his deposition that he knew these kinds of evaluations had affected people in past reorganizations and did not have reason to assume this one would be different. *See id.* at 691. Plaintiff's affidavit averred that this supervisor had made several negative comments with regard to

her TMJ problems and resulting absences from work, *see id.*, Vol. III at 371-72, Vol. IV at 604-05, and that his rating of her on the critical skills evaluation was much more negative than his later deposition testimony about her performance, *see id.* at 677-78. This evidence could support a finding that her disability was a factor in her termination.

On plaintiff's gender discrimination claim, she bears the initial burden of establishing a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). To establish a prima facie case of gender discrimination, the plaintiff must show that: (1) she belonged to the protected class; (2) she was adversely affected by the employment decision; (3) she was qualified for her position; and (4) she was treated less favorably than her male counterparts. *See Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1380 (10th Cir. 1994). If the plaintiff establishes a prima facie case, the defendant can rebut the presumption of discrimination by producing some evidence that it had legitimate, nondiscriminatory reasons for its action. *See Sorensen v. Aurora*, 984 F.2d 349, 352 (10th Cir. 1993). If the defendant meets "its burden of production, the *McDonnell Douglas* framework--with its presumptions and burdens--is no longer relevant." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510 (1993). The plaintiff must show by a preponderance of the evidence that the legitimate

reasons offered by the defendant were a pretext for discrimination. See *McCue v. Kansas Dep't of Human Resources*, 165 F.3d 784, 789 (10th Cir. 1999).

The district court was critical of plaintiff's complaint as setting out only conclusory allegations and failing to identify on which theory she was proceeding. The court concluded that plaintiff failed to make out a prima facie case of gender discrimination, *see Cole*, 43 F.3d at 1380, because she did not demonstrate either that she was discharged despite adequate work (the third prong) or that she was replaced by or treated differently than a similarly situated employee of the opposite sex (the fourth prong). *See* Appellant's App., Vol. VI at 1056-57.[3]

The court stated that plaintiff did not satisfy the third prong because the evaluating supervisor was not part of the termination committee, and because the committee's decision was based on other factors, assumably the critical skills evaluation. Although we agree that many of plaintiff's allegations were vague and conclusory, she did assert that this supervisor disliked women, and treated her differently than male employees. In her opposition brief to defendant's summary judgment motion, plaintiff provided several detailed examples of how the

---

[3]     Because we are reversing the district court's determination that plaintiff did not establish a prima facie case, and remanding for further proceedings, we do not reach the second and third factors of the McDonnell Douglas framework--whether the defendant had legitimate, nondiscriminatory reasons for its action, *see Sorensen*, 984 F.2d at 352, or whether the plaintiff can establish that the legitimate reasons offered by the defendant were a pretext for discrimination, *see McCue*, 165 F.3d at 789.

supervisor treated her differently than male employees. She also provided citations to affidavits and interrogatory responses which set out others in still more detail. *See* Appellant's App., Vol. III at 423-27. The record contains evidence that plaintiff complained to Hart and Blandford that her supervisor treated her negatively because she is a woman. *See id.*, Vol. IV at 592-94. These specific allegations, combined with her supervisor's knowledge that the critical skills evaluations had been used to terminate people in prior reorganizations, constitute evidence of causation between the alleged gender discrimination by the supervisor and plaintiff's termination.

The district court concluded that plaintiff did not meet the fourth prong of the applicable test because she was replaced by another woman. That prong requires that a claimant was either replaced by or treated differently than a similarly situated employee of the opposite sex. In discussing plaintiff's allegations of discriminatory treatment, the court limited its recitation to comments that her supervisor referred to women as idiots and rolled his eyes at her. As noted above, however, the record contains specific allegations that plaintiff was treated differently than male employees in comparable positions. This evidence could satisfy the fourth prong. Plaintiff also notes on appeal that, although she was replaced by a woman, two male employees who scored lower on the critical skills evaluation were retained.

In considering the merits of plaintiff's claims, the district court stated that it would ignore plaintiff's references to prior successful employment discrimination lawsuits against defendant. *See id.*, Vol. VI at 1051 n.2. The court simply stated that such references were irrelevant. However, evidence of the continuation of prior practices which have been found to be discriminatory or suspect can be relevant. *See Phillip v. ANR Freight Sys., Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991). Defendant's use of the critical skills evaluation has been condemned by the district court in other cases similar to plaintiff's. *See* Appellant's Br. at 28-29; Appellant's App., Vol. III at 393-98. The court improperly failed to consider these cases as evidence of past discriminatory practices which may be relevant to plaintiff's claims.

In summary, the district court improperly applied the law and failed to acknowledge many of plaintiff's specific factual allegations, basing its analysis on facts which were contradicted on the record. We reverse the grant of summary judgment. Our conclusion regarding this case at the summary judgment stage should not be read as implying plaintiff will ultimately prevail on her claims.

2.	Motion to Amend

Defendant responded to plaintiff's EEOC charges in a letter dated April 20, 1995, but did not then mail a copy of its response to either plaintiff or her counsel. Plaintiff filed suit in district court on November 21, 1995. In February 1996, defendant provided its disclosure as required by Fed. R. Civ. P. 26(a), which included an oblique reference to its EEOC response letter. However, in that disclosure, as in its answer and other pleadings in the district court, defendant maintained that plaintiff was discharged as part of a reorganization, and did not mention the critical skills evaluation.

During depositions held in mid-July 1996, defendant's HR employees testified that plaintiff had been terminated during the reorganization on the basis of her score on the critical skills evaluation, and that two other employees scoring lower than plaintiff were retained. According to the HR employees who made the termination decisions, these two other employees were retained because one was an older woman and the other a black male. *See* Appellant's App., Vol. I at 69-73, 90-94. On July 29, 1996, plaintiff filed a motion to amend her complaint to add age and race claims. In a hearing on the motion to amend, plaintiff's counsel stated that he did not receive a copy of the EEOC file until shortly before taking depositions of defendant's HR employees, and defendant's counsel conceded that

they did not send a copy of the EEOC response letter to plaintiff's counsel until after the depositions.

On January 8, 1998, the magistrate court issued an order denying the motion. The court stated that plaintiff was on notice as of April 20, 1995 (the date of the EEOC response letter) and as of February 1996, when defendant provided its Rule 26(a) disclosure to plaintiff's counsel. The court did not say why plaintiff was deemed to be on notice as of these dates. The court also concluded that the proposed new claims were not reasonably related to the charges plaintiff had filed with the EEOC, and that defendant "has never deceived Plaintiff either as to the procedural requirements of filing or the reasons for the retention of [the other two employees]." *Id.*, Vol. II at 182.

We conclude that this ruling was an abuse of the district court's discretion. No facts support the magistrate court 's finding that plaintiff's counsel was on notice or should have been on notice of defendant's EEOC response letter on either April 20, 1995, or as a result of defendant's disclosure in February 1996. The disclosure certificate obliquely refers to "COBE's response [to the EEOC charge]," *see id.* at 251, and does not mention the critical skills evaluation, the retention of employees who scored lower than plaintiff, or the bases for their retention. The EEOC response letter was not attached to the disclosure certificate.

We also disagree with the magistrate court's conclusion that equitable tolling does not apply. Applicable case law supports plaintiff's argument that she was not required to file a separate EEOC complaint alleging age and race discrimination. In light of the deposition testimony of defendant's HR employees, it is clear that these claims are "reasonably related" to the discrimination claims plaintiff had already filed because the "conduct alleged would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made." *Strub v. Public Serv. Co.*, 863 F. Supp. 1352, 1355 (D. Colo. 1993) (further quotations omitted). Further, the court's statement that there was no evidence defendant deceived plaintiff about the reasons for the retention of the two employees who scored lower on the critical skills evaluation is belied by record evidence. It is undisputed that defendant did not tell plaintiff about the evaluation or its results when she was terminated and did not later put plaintiff on notice by sending her a copy of the EEOC response letter or by attaching one to its disclosure certificate.

Motions to amend should be freely granted unless the proposed amendment would result in prejudice to the non-movant or would be futile. *See Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998) (prejudice), *cert. denied*, 119 S. Ct. 1266 (1999); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1163 (10th Cir. 1991) (futility). We also agree with plaintiff's argument that the court

-12-

failed to support its ruling with a finding of prejudice to appellee. Further, in light of the court's recitation of undisputed facts in his order granting summary judgment, it is clear that amendment to add race and age discrimination claims would not be futile. *See* Appellant's App., Vol. VI at 1050.

Accordingly, we reverse the district court's ruling denying plaintiff's motion to amend. Upon remand, the district court should allow plaintiff to amend her complaint to add claims of race and age discrimination.[4]

Appeal No. 98-1113

This appeal is from the district court's summary award of costs to defendant in connection with plaintiff's substantive claims. Rule 54(d) of the Federal Rules of Civil Procedure creates a presumption that costs will be awarded to the prevailing party. *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997). Because we reverse the district court's grant of summary judgment on plaintiff's substantive claims, we also reverse the court's fee ruling. Defendant's request for attorney's fees to defend this appeal is denied. Plaintiff's motion requesting leave to file two deposition notices with this court that were not before the district court is also denied. *See Boone v. Carlsbad*

---

[4] Appellee's motion to supplement the appendix in this appeal is granted.

-13-

*Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992) (stating appellate court will not review documents not before the district court).

REVERSED AND REMANDED for further proceedings.


Entered for the Court


Mary Beck Briscoe
Circuit Judge