**STATE of Missouri, EX REL., Tyrone HAYES, Relator,**

v.

**Honorable Robert DIERKER, Judge, Circuit Court of the City of St. Louis, Respondent.**

#### No. ED 106029

Missouri Court of Appeals, Eastern District, WRIT DIVISION ONE.

Filed: December 12, 2017

---

Spencer Farris, for relator.

Carl Kraft and Alison Bischoff, for respondent.

## OPINION

Lisa Van Amburg, Presiding Judge

Relator Tyrone Hayes seeks a writ of mandamus directing the Honorable Robert Dierker (Respondent) to order production of a privilege log in Case No. 1622-CC11427. This court issued a preliminary order in mandamus directing Respondent to file an answer and refrain from all action in the premises until further notice. Our preliminary order is made permanent.

Relator Hayes was injured in a hit-and-run car accident and sought damages under the uninsured motorist (UM) provision of his auto insurance policy with the Automobile Club Inter-Insurance Exchange (AAA). AAA declined coverage, so Hayes filed the underlying lawsuit for breach of contract and vexatious refusal. As relevant here, Hayes propounded an interrogatory seeking a complete copy of AAA's claim file on Hayes's UM claim, excluding properly logged items protected by privilege. AAA objected on the basis of work product. Respondent ordered AAA to submit its claim file for *in camera* review, after which Respondent compelled discovery of certain portions of the file but deemed other portions protected by work product privilege. Specifically, Respondent ruled:

> Although defendant Auto Club *failed to produce a privilege log* and relied on a blanket objection, *the Court will overlook that lapse* and will order production consistent with the views expressed herein, to wit, that materials prepared by third parties (e.g., police reports, automobile evaluation data, medical records of the plaintiff, correspondence between the insurer and insured or insured's counsel) shall be disclosed, together with all materials reflecting statements of the plaintiff.

Hayes then filed a petition for writ of mandamus directing Respondent to or-

der AAA to produce a privilege log itemizing claim file documents that it did not produce.

"Mandamus is appropriate to review a trial court's sustention of objections to discovery because a trial court has no discretion to deny discovery of matters which are relevant to the lawsuit and are reasonably calculated to lead to the discovery of admissible evidence when the matters are neither work product nor privileged." *State ex rel. Swyers v. Romines*, 858 S.W.2d 862, 863–64 (Mo. App. E.D. 1993). Although "a party may initially claim work product protection in response to a discovery request," "the party seeking discovery, however, is entitled, at least, to a privilege log if requested." *State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W.3d 364, 369 FN 5 (Mo. 2004).

As Respondent correctly observed, the purpose of a privilege log is to enable an opposing party to identify and show a substantial need for discoverable work product that it cannot, without undue hardship, obtain by other means, as provided by Rule 56.01(b). Yet Respondent also specifically acknowledged that AAA failed to produce a privilege log. This omission contravenes the Supreme Court's instruction in *Ford Motor Co. v. Westbrook*. Consequently, despite our deference to Respondent's careful discovery determinations after thorough *in camera* review, we must nonetheless grant Hayes's petition. A permanent writ of mandamus is issued

directing Respondent to order AAA to produce a privilege log.[1]

Mary K. Hoff, J., and Colleen Dolan, J., concur.

---

1. Respondent's judgment provides an astute discussion of the question of when, in the claims process, the insured and insurer become adversaries such that materials prepared by the insurer in response to a claim are prepared "in anticipation of litigation" and thus privilege attaches. Noting that courts' attempts to reconcile *Grewell v. State Farm Mut. Auto Ins. Co.*, 102 S.W.3d 33 (Mo. 2003), and *State ex rel. Safeco Na. Ins. Co. v. Rauch*, 849 S.W.2d 632 (Mo. App. E.D. 1993), have resulted in conflicting local and federal outcomes, Respondent's reasoned analysis aptly frames the issue for resolution by our Supreme Court. We need not reach it here to resolve the matter presented in Relator's writ petition.