**William STEVENS, Plaintiff,**

v.

**The CITY OF BROCKTON, Robert D. Gillis, and Carl Pitaro, Defendants.**

Civ. A. No. 87–0299–S.

United States District Court,
D. Massachusetts.

July 9, 1987.

James A. Frieden, Karen F. Donovan, Boston, Mass., for plaintiff.

John J. O'Brien, Frank A. Smith, III, Herlihy & O'Brien, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 11

SKINNER, District Judge.

Plaintiff William Stevens brought this action against defendants City of Brockton, Robert D. Gillis, Chief of Police for the City of Brockton, and Carl Pitaro, Mayor of the City of Brockton, to recover damages for alleged harassment by Gillis and Pitaro. The complaint set forth claims for slander, wrongful termination and intentional infliction of emotional distress against all defendants. Defendants moved to dismiss all three claims against all three defendants. By Memorandum and Order dated April 29, 1987, I dismissed the claim for wrongful termination against Pitaro and Gillis, and dismissed the claims for slander and intentional infliction of emotional distress against the city. Plaintiff now moves for sanctions against defendants on the grounds that their motion to dismiss was overly broad.

Both parties are guilty of carelessness in the drafting of these pleadings. Plaintiff's complaint purported to state a claim against the City of Brockton for slander and intentional infliction of emotional distress when a moment's research would have made clear that the city was immune from liability for such intentional torts. *See Spring v. Geriatric Authority of Holyoke,* 394 Mass. 274, 475 N.E.2d 727, 734 (1983). The complaint also purported to state a claim against Gillis and Pitaro for wrongful termination when it should have been abundantly clear that only the city was liable for such negligence. *See* M.G.L. c. 258, § 2. Defendants were equally reckless. Their motion to dismiss plaintiff's claims against Pitaro and Gillis for slander and intentional infliction of emotional distress, and to dismiss the claim against the City of Brockton for wrongful termination was clearly groundless.

Under Fed.R.Civ.P. 11, if a party's pleadings are not well grounded in fact or are not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, I may award appropriate sanctions. Because each party's attorneys has been so clearly careless, some sanctions against each are appropriate. But the fact that both parties were careless renders traditional sanctions less than wholly effective. Awarding costs to both sides would simply cause a shuffling of funds, with the penalties cancelling each other out. Requiring each side to bear the unnecessary costs imposed upon it by the other side's careless and unfounded pleadings constitutes some penalty. But an affirmative sanction is more likely to emphasize to the attorneys the unnecessary carelessness of their conduct.

Happily, the solution is at hand. On September 26, 1987, MCLE will hold a day-long program on federal trial practice at Boston College Law School at which many of the district judges will be presenting various facets of our practice. As a sanction in this case, I order both attorneys, Frank A. Smith, III, Esquire and Jerry B. Plumb, Esquire to attend this session for the full day. This is an order of the court, violation of which will lead to more serious sanctions. Not later than September 30, 1987, both attorneys shall submit verification of their attendance, by affidavit or otherwise. Perhaps some appreciation of precise pleading will rub off on them, if they have not already gotten the point.