**J. Joseph CURRAN, Jr.**

v.

**Ronald W. PRICE.**

**Civ. No. S 93–2270.**

United States District Court,
D. Maryland.

Aug. 18, 1993.

Ralph S. Tyler, Deputy Atty. Gen., Mary O. Lunden, Asst. Atty. Gen., Baltimore, MD, for plaintiff.

Timothy F. Umbreit, Umbreit & Resnick, Baltimore, MD, for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This case is before the Court on the defendant's attorney's response to the Court's *sua sponte* direction that he show cause why sanctions should not be imposed upon him under Fed.R.Civ.P. 11 for his having filed a notice of removal in a case that was not removable under any conceivable notion of federal removal jurisdiction. No oral hearing is needed, as will be discussed more fully below.

A short background discussion is in order. In a Memorandum Opinion and Order thereon entered August 9, 1993, the Court remanded this improperly removed case to the Circuit Court for Anne Arundel County, Maryland, whence it had come. The state court action had been commenced by a complaint filed by the Attorney General of Maryland in aid of his enforcement of a state statute (MD.ANN.CODE of 1957, Art. 27, § 764 (1992 repl. vol.)) concerning proceeds from a "notoriety of crimes contract." The complaint raised no federal question, but sought relief only under Maryland law. On the eve of a state court hearing on dispositive motions, the defendant's attorney filed a notice of removal in this Court, which, by operation of federal law, had the effect of throwing a spanner into the works of the state court proceeding.[1]

█ Of course, the problem with all this is that the case was not removable, under a fundamental precept of federal removal jurisdiction. That is, the presence of a federal defense does not make a case removable, because it is the plaintiff's complaint, not the defendant's defense, that determines whether there is a federal question upon which removal can be premised. This concept is firmly rooted in case law. *See, e.g., Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) (wherein the Supreme Court itself noted that the principle is entirely settled). Therefore,

this Court readily concludes that the removal notice was not "well-grounded in law." Thus, it was signed and filed in violation of Fed.R.Civ.P. 11. *See In re Kunstler*, 914 F.2d 505, 516–17 (4th Cir.1990), *cert. denied sub nom. Kunstler v. Britt*, ── U.S. ──, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991). Under the circumstances, because only an indisputable question of law is involved, no oral hearing is necessary under Rule 11 or the Due Process Clause. *Id.* at 521–22.

█ In its original consideration of this matter, the Court had thought it appropriate to impose a monetary penalty of $2,500.00 on defendant's attorney. Because, however, a primary purpose of Rule 11—making the opponent whole for fees and expenses—can readily be served in this case under the remand statute itself, *see* 28 U.S.C. § 1447(c) (as amended), and because the improper filing here resulted as much or more from ignorance of the law as from anything else, the Court feels that it should, in the exercise of its discretion, impose a non-monetary penalty. Certainly, non-monetary penalties may be imposed under Rule 11. *See Kunstler*, 914 F.2d at 525. It is evident that, at least where fees and costs can be recovered separately, the "sparing principle" in imposing Rule 11 sanctions weighs against imposing any significant monetary penalty. *See Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir.1987).

█ The proper purpose of a non-monetary penalty should be to educate, especially in a case like this, where the attorney fails to grasp the issue even after it has been explained to him by the Court. In his submission showing cause, the attorney here, though citing to *Caterpillar, supra*, seems to miss its point entirely, confusing a filing under 42 U.S.C. § 1983 with the removal of an ongoing state case.[2]

Other courts have imposed educationally-oriented sanctions on counsel. *See, e.g., Stevens v. City of Brockton*, 676 F.Supp. 26

---

1. At the time he filed the notice of removal, plaintiff's attorney also attempted to file a separate declaratory judgment action, which, whether or not it had been filed in this case or as a separate case, would not itself have had the effect of stopping the state court proceedings.

2. Oddly enough, he also takes the opportunity to criticize the Attorney General for "cumulated logic," whatever that might be.

(D.Mass.1987), and *Smith v. Our Lady of the Lake Hospital,* 135 F.R.D. 139, 155 (M.D.La. 1991), *reversed on other grounds,* 960 F.2d 439 (5th Cir.1992), both requiring attendance at continuing legal education (CLE) courses.

The Court has considered, but rejects, the notion of forcing attendance at a CLE course, largely because it is questionable whether the specific gap in counsel's knowledge of federal law would be adequately filled by such a course. Instead, the Court, in the exercise of its discretion, has determined that a more laser-like approach is warranted, consisting of remedial education in federal removal law, to be gained and reinforced through the mnemonic device of copying appropriate materials out in longhand. Counsel will, thus, not have to miss office or court time, to attend classes. Instead, he may accomplish his remedial education during what would otherwise be his leisure time.

Specifically, defendant's counsel, Timothy F. Umbreit, Esq., will be, by a separate order, directed to copy out, legibly, in his own handwriting, and within 30 days of the date hereof, the text (*i.e., without footnotes*) of section 3722 in 14A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure:* Civil (1985), together with the text of that section's update at page 43 of the 1993 pocket part of volume 14A. Mr. Umbreit will turn in the resulting product to the Clerk of this Court, with a certification that it was made solely by himself and in his own handwriting. This sanction is, to the Court, the least drastic—and likely a very effective— way of impressing the appropriate principles of federal removal jurisdiction upon counsel's long-term memory.

### ORDER

For the reasons stated in a Memorandum Opinion entered this date, it is, by the Court, this 18th day of August, 1993, pursuant to Fed.R.Civ.P. 11, ORDERED:

1. That defendant's counsel, Timothy F. Umbreit, Esq., will copy out, legibly, in his own handwriting, and within 30 days of the date hereof, the text (*i.e., without footnotes*) of section 3722 in 14A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Proce-*

*dure:* Civil (1985), together with the text of that section's update at page 43 of the 1993 pocket part of volume 14A;

2. That Mr. Umbreit will turn in the resulting product to the Clerk of this Court, with a certification that it was made solely by himself and in his own handwriting, within 30 days of the date hereof; and

3. That the Clerk will mail copies hereof and of the foregoing Memorandum Opinion to counsel for the parties.