Robert LaVIGNA, Plaintiff,

v.

WABC TELEVISION, INC., Theatrical Protective Union Number One I.A.T.S.E., AFL–CIO and Joseph Cook, Defendants.

No. 92 Civ. 4330 (KMW).

United States District Court, S.D. New York.

Jan. 11, 1995.

## ORDER

KIMBA M. WOOD, District Judge.

In an Opinion issued on July 23, 1993 granting defendant Theatrical Protective Union Number One I.A.T.S.E.'s (the "Union") motion to dismiss plaintiff's hybrid breach of contract/duty of fair representation claim, this court also ordered plaintiff's lawyer Stanley Fidel to show cause why the court should not impose sanctions against him pursuant to Fed.R.Civ.P. 11. The court suggested that sanctions may be warranted because plaintiff's counsel had interposed what appeared to the court to be causes of action that were not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Having reviewed the parties' submissions on the propriety of imposing Rule 11 sanctions, I order such sanctions imposed for the reasons stated below.

### I. Background

The essence of the underlying dispute between plaintiff and defendants is that plaintiff believes that he was discharged from his position because (1) he complained about the presence of toxic substances at his workplace; and (2) he sustained certain injuries at work. *See* Complaint at 1. Following his termination in June of 1991, plaintiff filed suit against defendants, alleging causes of action under Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, and various New York State laws, including a breach of contract/duty of fair representation claim against the Union. Plaintiff sought over four million dollars in damages from the various defendants.

The Union moved to dismiss the breach of contract/duty of fair representation claim on the ground that the applicable statute of limitations had expired, and that no justification for tolling the six month period existed. Defendants WABC Television ("WABC") and Joseph Cook ("Cook") also moved to dismiss the complaint on the ground that plaintiff had failed to serve either of them with timely process pursuant to Fed.R.Civ.P. 4(j); WABC and Cook also moved for Rule 11 sanctions. Plaintiff then filed a cross motion

for a default judgment against the Union on the ground that the Union allegedly filed its motion to dismiss in lieu of an answer one day after the time period for doing so had expired.[1] In the Union's response to this cross motion, it pointed out that service of its motion to dismiss had been timely according to the Federal Rules of Civil Procedure; the Union explained that according to the clear language of Fed.R.Civ.P. 6(a), weekends are to be excluded for the purposes of calculating the last day of a limitations period. Several weeks after the Union submitted its legal memorandum, plaintiff withdrew its cross motion for a default judgment on the ground that "defendants [sic] motion was timely served." *See* Letter from Stanley Fidel dated December 29, 1992.

On July 23, 1993, this court issued an opinion (1) granting the Union's motion to dismiss the breach of contract/duty of fair representation claim; (2) scheduling an evidentiary hearing in which to resolve the factual questions regarding proper service on WABC and Cook; and (3) ordering plaintiff's counsel to show cause why he should not be subject to Rule 11 sanctions.

On August 5, 1993, plaintiff entered into a stipulation with defendants WABC and Cook wherein plaintiff agreed to discontinue with prejudice all claims against those defendants, while defendants agreed to withdraw their outstanding motion for sanctions against plaintiff's attorney. Therefore, the only outstanding matter to resolve—fully briefed by the Union and by Mr. Fidel—is the court's original order to show cause why Mr. Fidel should not be sanctioned pursuant to Rule 11.

## II. Discussion

 Rule 11 provides, in pertinent part: By presenting to the court a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... (2) the claims or defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Section (b)(2) of Rule 11 establishes that a lawyer must make a reasonable inquiry into the applicable law prior filing papers with the court. *Quadrozzi v. New York,* 127 F.R.D. 63, 78 (S.D.N.Y.1989). A violation of this requirement constitutes a violation of Rule 11. *Id.* The so-called "frivolous clause" thus imposes an affirmative duty on the signer "to conduct a reasonable inquiry into the *viability* of a pleading before it is signed [,]" *Eastway Construction Corp. v. New York,* 762 F.2d 243, 253 (2d Cir.1985) (emphasis added), and the rule is violated "where it is patently clear that a claim has absolutely no chance of success." *Id.* at 254. *See also O'Malley v. New York City Transit Authority,* 896 F.2d 704, 706 (2d Cir.1990). Furthermore, an attorney's subjective good faith in his or her patently meritless claim does not transform a frivolous motion into a nonfrivolous one. *Eastway,* 762 F.2d at 253.

 When considering Rule 11 sanctions, "doubts as to the viability of a signed pleading are to be resolved in favor of the signer." *O'Malley,* 896 F.2d at 706 (2d Cir. 1990). Moreover, a court cannot rely on hindsight in assessing the propriety of the attorney's conduct, but must instead base its award on the particular facts that were reasonably accessible to the attorney at the time of the signing. Accordingly, a court must look to the objective reasonableness of an attorney's actions under the circumstances. *Quadrozzi,* 127 F.R.D. at 78. The proper test of objective reasonableness entails considering what "a reasonably competent attorney [would] believe." *Greenberg v. Hilton Int'l Co.,* 870 F.2d 926, 934 (2d Cir.1989).

Using the standard set forth above, I find that the plaintiff's attorney violated Rule 11 by filing this complaint in federal court.

1. Plaintiff also cross moved for a default judgment against WABC and Cook for "their failure to appear in response to a summon [sic] and complaint properly and timely served." *See* "Af-

firmation in Support" at 3. However, this matter subsequently was resolved by stipulation between plaintiff and defendants Cook and WABC. *See* infra page 434.

a. *The Complaint*

██ By enacting Title VII, Congress established a private right of action for employees facing workplace discrimination because of their race, color, national origin, religion, or sex. Congress included Section 2000e–3(a), which reads, in part:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

The words "this subchapter" refer to the grounds of discrimination prohibited by Title VII, to wit, race, color, national origin, religion, and sex. That is, this section is intended to protect employees who publicly oppose the forms of discrimination outlawed in Title VII by speaking out, by filing complaints, by assisting official investigations, or by aiding other employees who have chosen to oppose such discrimination. The anti-retaliation provision contained in § 2000e–3(a) is a crucial part of Title VII's administrative machinery both because it protects employees who proceed through the grievance procedures established by Title VII, and it encourages informal resolution of alleged instances of discrimination by protecting employees who protest the forms of discrimination prohibited by Title VII.

██ Plaintiff claims that he was terminated in violation of the "anti-retaliation" provision contained in Title VII of the 1964 Civil Rights Act. Although plaintiff's attorney never alleges discrimination based on race, color, sex, national origin, or religion,[2] he suggests that a Title VII cause of action is appropriate because "[i]t is well settled that the participation clause shields an employee from retaliation regardless of the merit of his

EEOC charge." *Sias v. City Demonstration Agency,* 588 F.2d 692 (9th Cir.1978).[3] The obvious import of the Ninth Circuit Court of Appeal's language in *Sias,* however, is that an employee who files a charge of, for instance, gender discrimination with the EEOC, and who subsequently is determined to lack probable cause to sue on that basis, shall be protected against retaliation for her act of filing the claim. This language does not mean, and cannot reasonably be construed to mean, that plaintiffs *without underlying Title VII claims* can derive protection for *any* employer act deemed to be "retaliatory." The alleged retaliation must be retaliation against an employee who avails himself or herself of the right established by Congress to challenge what he or she believes is a discriminatory act, violative of Title VII. In this case, there is no hint of an underlying Title VII claim—not even a bare allegation of impermissible discrimination based on race, color, nation origin, religion, or sex—and thus there is no conceivable basis for invoking Title VII's anti-retaliation provision.

Because even the most minimal inquiry into Title VII law (including a cursory reading of the statute itself) would have revealed that plaintiff had no cause of action under this statute, and because there was no good faith basis for arguing that he should have a cause of action under this statute, I find that plaintiff's attorney's effort to invoke the retaliation provision of Title VII is, standing alone, a sufficient basis for determining that plaintiff's counsel has violated Rule 11.

██ For similar reasons, I find plaintiff's attorney's act of stating a claim under the anti-retaliation clause of the Fair Labor Standards Act, 29 U.S.C. § 205 *et seq.* ("FLSA") sanctionable. The FLSA is concerned exclusively with issues of minimum wages, maximum hours, and child labor practices, and plaintiff makes no allegations that touch on any of these three topics.[4] I con-

---

2. Indeed, nowhere in the complaint is the plaintiff's race, color, national origin, or religion mentioned.

3. I further note that plaintiff never filed a charge of discrimination with the Equal Employment Opportunity Commission as is required by Title VII. *See* 42 U.S.C. § 2000e–5(b).

4. In Plaintiff's Memorandum in Opposition to Sanctions, Mr. Fidel writes that "the [FLSA] isn't limited to unfair wage practices or child labor practices." Pl's. Mem. at 6. In support of this contention, he cites two cases: *Pettway v. American Cast Iron Pipe Co.,* 411 F.2d 998 (5th Cir., 1969), a case about Title VII's anti-retaliation

clude that the most rudimentary investigation of the FLSA would have revealed to plaintiff's counsel that there was no basis for bringing such a claim against defendants. Accordingly, plaintiff's counsel's act of including this claim was objectively unreasonable, and therefore constitutes a Rule 11 violation.

■ Because plaintiff's Title VII and FLSA claims are wholly frivolous, plaintiff's attorney may also be sanctioned for improperly invoking the court's subject matter jurisdiction. *See, e.g., Wood v. Brosse U.S.A., Inc.,* 149 F.R.D. 44, 51 (S.D.N.Y.1993); *Brignoli v. Balch, Hardy & Scheinman, Inc.,* 126 F.R.D. 462, 465 (S.D.N.Y.1989) (citing cases). Plaintiff's Title VII and FLSA[5] claims provide the basis for federal court jurisdiction over this case, and I have determined that the attorney's act of including these frivolous claims is sanctionable behavior. Because all that remains of the complaint are pendent state claims, I find that not only does the court lack subject matter jurisdiction over this case, but also that plaintiff's attempt to gain a foothold in federal court with objectively unreasonable federal claims was a sufficiently improper invocation of the court's jurisdiction to provide an alternative basis for finding a Rule 11 violation.

In sum, because I find that "a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law," *Eastway,* 762 F.2d at 254, I hold that plaintiff's attorney has violated Rule 11.

b. *The Measure of Sanctions*

■ In *Knipe v. Skinner,* 19 F.3d 72 (2d Cir.1994), the Second Circuit Court of Appeals addressed the impact of the 1993

Amendment to Rule 11 on cases, like this one, in which the underlying litigation arose prior to the effective date of the amendment. The Court of Appeals determined that the amended version of Rule 11 would apply retroactively to the extent that it made the imposition of sanctions discretionary, rather than mandatory. *Knipe,* 19 F.3d at 78. Therefore the decision to impose sanctions in this case lies in the court's discretion. I hold that sanctions are warranted.

■ The Second Circuit Court of Appeals based its decision to apply the newfound discretion to impose sanctions retroactively on the general principle that sanctions are to be awarded cautiously. *Knipe,* 19 F.3d at 78. That same principle suggests that it is similarly appropriate to apply retroactively the 1993 version of Rule 11 as it pertains to the *measure* of Rule 11 sanctions to be imposed. *See Del Canto v. ITT Sheraton Corp.,* 865 F.Supp. 934, 939 (D.D.C.1994). I note that this holding is in accordance with the Supreme Court's view that the purpose of the sanctioning mechanism of Rule 11 "is not reimbursement but 'sanction.'" *Pavelic & LeFlore v. Marvel Entertainment,* 493 U.S. 120, 126, 110 S.Ct. 456, 460, 107 L.Ed.2d 438 (1989).

■ The 1993 Amendment to Rule 11 emphasizes the point made in *Pavelic,* stating that "[a] sanction imposed for a violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by other similarly situated." Fed.R.Civ.P. 11(c)(2). The Notes of the Advisory Committee accompanying the 1993 Amendment explain:

> Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the

---

provision, and *Nash v. Florida Industrial Comm'n,* 389 U.S. 235, 88 S.Ct. 362, 19 L.Ed.2d 438 (1967), a case describing the National Labor Relations Act.

**5.** It is not entirely clear whether plaintiff has attempted to invoke the First Amendment as a basis of federal court jurisdiction. In the introduction to the Second Amended Complaint, plaintiff's attorney states that the action is brought under Title VII, the FLSA, and the First Amendment. Amended Complaint, at p. 1. However, when listing the grounds for federal court jurisdiction, plaintiff makes no mention of

the First Amendment. Moreover, the plaintiff makes no further mention of the First Amendment in any of his papers. In my view, a First Amendment cause of action in the absence of any allegation of state action could constitute a frivolous claim. However, I give plaintiff's counsel the benefit of the doubt on this issue, and therefore will assume that his failure to include in his Complaint the First Amendment claim as a basis of federal court jurisdiction, or to list a First Amendment claim as a cause of action, means that he abandoned the First Amendment as a basis for federal jurisdiction.

rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into the court as a penalty. However, under unusual circumstances, particularly for (b)(1) violations, deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation.

In this case, the sanctionable conduct is plaintiff's counsel's filing of papers that lacked any basis in existing law, and that were not warranted by a good faith argument for the extension, modification, or reversal of existing law; I have not found that plaintiff's counsel initiated this litigation for an improper purpose—such as to harass or cause unnecessary delay or needless expense—in violation of section (b)(1). Accordingly, this is not the "unusual circumstance" in which awarding attorneys' fees is necessarily the most effective sanction. Defense counsel's request for fees is thus denied. However, I do believe that some form of pecuniary penalty is appropriate, and I therefore order plaintiff's counsel to pay the sum of $250 to the court.

In addition to suggesting that the typical sanction for Rule 11 violators should be a penalty paid to the court, the Note to the 1993 Amendment also cites a variety of possible nonmonetary sanctions, one of which is mandatory participation in educational programs. Because it is likely that plaintiff's counsel violated Rule 11 out of inattention to, or lack of familiarity with, the federal law applicable in this case, I order that, in addition to paying $250 to the court, plaintiff's counsel attend twelve hours of continuing legal education on the subjects of (1) federal employment discrimination law, and (2) federal civil procedure, within one year of this decision, and that, no later than January 11, 1996, he file an affidavit with this court describing the content and length of the courses he attended.

SO ORDERED.