Carol J. POPE, Appellant,

Gwen G. Caranchini, Appellant,

v.

FEDERAL EXPRESS CORPORATION; Danny R. Collins, Appellees.

No. 94–2352.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1995.

Decided March 9, 1995.

Gwen G. Caranchini, Kansas City, MO, for Carol J. Pope.

---

Karen K. Howard, Kansas City, MO, for Gwen G. Caranchini.

Lindsay K. McFerrin, Kansas City, MO (John M. Lilla, on the brief), for appellees.

Before WOLLMAN, Circuit Judge, LAY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Carol Pope and Gwen Caranchini appeal the district court's reimposition of Rule 11 sanctions. Because we find no abuse of discretion, we affirm.

Carol Pope and her attorney, Gwen Caranchini, knowingly offered a falsified document into evidence in Ms. Pope's employment discrimination action against Federal Express. In addition to dismissing Pope's action, the district court ordered a joint $30,000 sanction against both Pope and Caranchini for abusing the judicial process. Pope was assessed an additional sanction of $8,882.50 to compensate Federal Express for the costs incurred in challenging the manufactured document. Pope and Caranchini appealed the imposition of sanctions and we remanded, directing the district court to consider additional sanctions that had been imposed on Caranchini in another case and to consider the ability of Pope and Caranchini to pay the sanctions. *Pope v. Federal Express Corp.*, 974 F.2d 982, 985 (8th Cir.1992).

On remand, the district court examined financial statements and income tax returns of both Pope and Caranchini. The district court noted that the $50,000 sanction imposed against Caranchini in *White v. General Motors Corp.*, 139 F.R.D. 178 (D.Kan.1991), *aff'd*, 977 F.2d 499 (10th Cir.1992), had been imposed with that court's knowledge of the $30,000 sanction in the present case. *Pope v. Federal Express Corp.*, No. 88–1245–CV–W–1, Order at 2 (W.D.Mo. April 26, 1994); *see White*, 139 F.R.D. at 183. In agreement with the *White* court, the district court found that Caranchini has earned and has the capacity to earn a substantial income by practicing law. *Pope*, Order at 3; *see White*, 139 F.R.D. at 183. Noting the purposes of Rule 11 and Caranchini's past conduct, the court found a substantial monetary sanction was necessary to deter future abuse of the judicial process. *Pope*, Order at 3–4. The court imposed a $25,000 sanction against Caranchini, individually.[1] *Id.* at 4. The court determined that Pope had the ability to pay the $8,882.50 in costs and fees and retained that individual sanction against her. *Id.* at 5.

We review a district court's Rule 11 sanction order for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460–61, 110 L.Ed.2d 359 (1990). When "'the issue is not free from doubt[,] we should afford great deference to the judgment of the district court.'" *Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir.1994) (quoting *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1269 (7th Cir.1993)). While we have strongly suggested that trial courts consider the level of punishment necessary to adequately deter the undesirable conduct, we have stopped short of requiring trial courts to apply the least severe sanction. *Kirk Capital*, 16 F.3d at 1490. We simply require that the sanction be appropriate, thereby according broad discretion to the district court. *Id.* Although we might have imposed a lesser sanction, it is not our position to second-guess the district court in this instance. We note that this case involves egregious conduct. *See White v. General Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990) (in determining appropriate sanction, the court may consider the wrongdoer's history, experience and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, and other factors), *cert. denied*, 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991).

The district court evaluated the issues we directed it to address on remand and reduced the amount of the sanction considerably. We find no abuse of discretion by the district court. Accordingly, the district court's order imposing sanctions is affirmed.

---

1. We note that the sanction was imposed with the district court's knowledge of a substantial fee award to Caranchini in another case in the same court.