69 F.3d 541
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert A. REAGAN, Barbara Reagan, Plaintiffs,
Patrick W. PARMATER, Appellant,
v.
HI-SPEED CHECKWEIGHER COMPANY, INC., a New York corporation,
Defendant-Appellee.
 No. 95-1423.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 18, 1995.
Filed Nov. 8, 1995.
 
 Before FAGG, HEANEY, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This suit is before this court for the second time. In its first appearance, Reagan v. Hi-Speed Checkweigher Co., 30 F.3d 947 (1994), we affirmed the district court's order for summary judgment. Following that decision, defendant filed a motion with the district court seeking sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendant claims that plaintiffs' attorney signed the complaint without making a reasonable inquiry as to whether the case was well grounded in law and fact. The district court found that the plaintiffs' attorney had not reasonably investigated the claims and imposed a sanction of $20,000, which represents a significant portion of defendant's legal fees. Plaintiffs' attorney, Patrick Parmater, appeals.
 
 
 2
 In its Order and Memorandum for Judgment of Rule 11 Sanctions, the district court focused on the investigation made by plaintiffs' attorney in the one and one-half years before the suit was filed on November 19, 1990. The district court found that at the time of filing the action, Parmater had two sources of evidence: (1) that collected by the attorneys who handled the case prior to Parmater and (2) that which was provided in a conversation with the one expert hired by Parmater. The district court concluded that without further investigation, an attorney could not have legitimately asserted the existence of (1) proximate cause between the checkweigher's speculative defect and Reagan's injury or (2) any defect with the checkweigher product. Therefore, it determined that the imposition of sanctions was appropriate.
 
 
 3
 First, Parmater argues that an attorney receiving a case from another attorney is entitled to place some reliance upon that attorney's investigation. Appellant Br. 8. This argument, however, does not squarely meet the basis of the district court's conclusion: rather than questioning the integrity of that evidence, the district court judged the evidence of the prior investigation insufficient to bring an action. Second, Parmater argues that the district court "ignored the opinions of Plaintiffs' expert found in the affidavit, [which] resulted in that court's belief that absolutely no grounds for the complaint could exist." Appellant Br. 22. Even if one were to assume that the affidavit provided an attorney with a legitimate basis for asserting that the checkweigher was defectively designed, this is not sufficient to allege proximate causation. No one disputes Parmater's theory of "but-for" causation, or cause-in-fact, with regard to the chain of events that led to Reagan's injury. However, he failed to address, in either the complaint or on appeal, the basis for asserting another element of a prima facie case--proximate causation, i.e., "whether the defendant could have reasonably foreseen the consequence of his negligence." Reagan, 30 F.3d at 949 (citing Moum v. Maercklein, 201 N.W.2d 399, 403 (N.D.1972)). Parmater argues that a jury could have inferred that Hi-Speed could have foreseen the injury from "the checkweigher's lack of a fail safe shutdown and especially in light of the fact that the product could be wrongfully rejected if the checkweigher overheated." Appellants Br. 11. We fail to see how foreseeability is a possible inference simply from the allegation that Hi-Speed failed to include a fail safe in its checkweigher design. On this record we cannot hold that the district court abused its discretion to impose Rule 11 sanctions.
 
 
 4
 The district court has discretion to tailor an appropriate sanction and will be reviewed only for an abuse of such discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 409 (1990). Yet this court has "strongly suggested that trial courts consider the level of punishment necessary to adequately deter the undesirable conduct...." Pope v. Federal Express Corp., 49 F.3d 1327, 1328 (8th Cir.1995) (noting the egregious nature of the case where attorney had knowingly offered a falsified document, this court affirmed a $25,000 sanction as necessary to deter future abuse). When calculating the sanction in this case, the district court was clearly attempting to compensate the defendant for the costs occasioned by the filing of the suit. "But the primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending." Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1490 (8th Cir.1994). While there will always be a certain amount of subjectivity in determining the appropriate amount of a sanction, Parmater's conduct in this case does not present an instance of seriously egregious or malicious conduct which would require a stiff penalty. See Pope, 49 F.3d at 1328 (citing White v. General Motors Corp., 908 F.2d 675, 685 (10th Cir.1990) for the proposition that degree of malice or bad faith should be considered). As such, we find that the sanction of $20,000 is excessive for its deterrent purpose, and reduce the sanction to $2,500. See Kirk, 16 F.3d at 1491 (reducing the monetary sanction to a level it deemed appropriate, rather than remanding to the district court).
 
 
 5
 Therefore, the case is remanded to the district court for proceedings consistent with this decision.