Joseph T. BERGERON, Plaintiff,

v.

NORTHWEST PUBLICATIONS INC., A Delaware Corporation, Defendant.

Civil No. 3–94–1124.

United States District Court, D. Minnesota, Third Division.

April 24, 1996.

Michael A. Pinotti, Pinotti Law Office, St. Paul, MN, appeared on behalf of Plaintiff.

Joseph R. Dennis, Dennis Law Office, Minneapolis, MN, appeared on behalf of Defendant.

## ORDER FOR SANCTIONS

MASON, United States Magistrate Judge.

### I. Procedural History

This is an employment action brought by Joseph Bergeron alleging that Defendant failed to accommodate his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Pursuant to 28 U.S.C. § 636(c) and related Rules of this Court, the parties waived their right to proceed before a United States District Judge and voluntarily consented to have all proceedings in this case conducted and determined by a United States Magistrate Judge, and it was so ordered by United States District Judge Michael J. Davis. The matter came before the Court on March 11, 1996 for a hearing on the issue of sanctions, and on various Motions filed by both parties. Michael A. Pinotti, Esq., appeared on behalf of himself and the Plaintiff, who was personally present in the courtroom. Joseph R. Dennis, Esq., appeared on behalf of the Defendant.

On January 12, 1996, the Court granted partial summary judgment in favor of Defendant [Docket No. 81]. The Court also determined that Plaintiff and his counsel had violated the provisions of Rule 11. Upon that ground and others, it granted Defendant's motion for sanctions against Plaintiff Joseph Bergeron and his attorney, Michael A. Pinotti. A hearing was scheduled to permit argument and submission of evidence concerning appropriate sanctions.

Plaintiff filed a memorandum in opposition to the sanctions requested by Defendant. He also brought numerous motions of his own: (1) "Plaintiff's Notice of Motion and Motion To Postpone The Sanction proceedings Until A Trial On The Merits Is Finalized;" (2) "Plaintiff's Notice of Motion and Motion To Vacate For It Ruled On A Claim Plaintiff Did Not Assert Or Sign;" (3) "Plaintiff's Notice of Motion and Motion to Vacate For It expressly Quoted From a Misdated September 12, 1994 Medical Report;" (4) "Plaintiff's Notice of Motion and Motion To Take Judicial Notice That the Final Federal Court Judgment in Radloff v. First American Case Is That It Lacks Jurisdiction;" (5) "Plaintiff's Notice of Motion and Motion To

Find that Defendant's Attorney Breached His Duty Of Candor To the Court;" and (6) "Plaintiff's Notice of Motion and Motion to Amend His Complaint." On March 7, 1996, Plaintiff filed an "Errata" to several of the documents he had filed. The Court heard arguments on the parties motions on March 11, 1996.

## II. Plaintiff's "Motion to Vacate For It expressly Quoted From a Misdated September 12, 1994 Medical Report"

Plaintiff moved the Court to vacate its January 12, 1996 Order because the Court quoted from a misdated medical report of Dr. Dace Trence on page six of the Order. The Court finds that the correct date of this report is April 26, 1994, not September 12, 1994. However, the content of Dr. Trence's April 26, 1994 report is not in dispute. The date of the report does not change the merits of Plaintiff's claim or alter the conclusions of the Court.

Plaintiff's shift changed in November of 1993. Dr. Trence's report states that Plaintiff's condition on April 26, 1994 was improved from his previous condition. The record also shows Plaintiff's insulin value remained relatively unchanged between March of 1993 and April of 1994, despite the change in shifts occurring in November of 1993. The April 26, 1994 report shows that Plaintiff's condition did not suffer as a result of the shift change, and that his condition may even have improved. Any deterioration that occurred after April of 1994 is not shown to relate to the shift change.

In any event, the April 26, 1994 Report is but a minor piece of the entire picture. The evidence shows Plaintiff going from doctor to doctor unsuccessfully seeking an opinion that his medical condition would not tolerate the shift change. He and his attorney commenced the action, and persisted in maintaining it, even though no medical opinion supported his claim.

## III. Rule 11 Sanctions

At the present time, the Court makes no finding with respect to the amount of sanctions under 28 U.S.C. § 1927, or the amount of attorney's fees and costs under 42 U.S.C.

§ 12205. The Court will make a determination as to these issues once the entire case has been concluded on the merits. Sanctions under Rule 11 of the Federal Rules of Civil Procedure are necessary and appropriate at the present time, for the reasons set forth in the Order dated January 12, 1996 [Docket No. 81], and those which follow.

Rule 11 sanctions are properly imposed because viewed in the most favorable light, counsel for Plaintiff failed to make a reasonable investigation of the facts in this case before signing and filing the Complaint. At the time the Complaint was filed in September 28, 1994, there was no medical evidence to support the allegation that Plaintiff's disability required him to work the 10 to 5 shift, and four doctors had declined to support his claim despite Plaintiff's urgent request that they do so. Even though no evidence existed to support his claim, Plaintiff caused the Complaint to be served upon Defendant in November of 1994. Plaintiff persisted in pursuing the claim in December of 1994, despite Defense counsel's request that Plaintiff either dismiss its Complaint or specify facts which supported it. There was no basis for bringing a claim under the Minnesota Human Rights Act, but Plaintiff did so. He maintained this claim until August 11, 1995, when he reluctantly acknowledged that the bona fide seniority system barred his claim.

Sanctions are also appropriate because Plaintiff's counsel has filed motions which do not comply with the Federal Rules of Civil Procedure. Plaintiff's confusing and contradictory motions have unreasonably multiplied the proceedings and needlessly increased the cost of litigation. The Plaintiff's problems appear to result, at least in part, from his counsel's lack of knowledge regarding litigation procedures under the Federal Rules. In fact, the frivolous nature of the claim itself is a result of his counsel's failure to make a preliminary investigation of the facts and the law prior to filing the Complaint as required by the Federal Rules.

In order to determine the proper Rule 11 sanction in this case, the Court considers the history and purpose of the Rule. The 1983

Amendments to Rule 11 were intended to "address the problems of pretrial cost and delay by emphasizing the need to improve attorney behavior." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1331 at 19 (2d. ed. 1990). The rule requires, inter alia, that all litigation papers be signed, certifying that the signer has made a reasonable inquiry into both the facts and the law and concluded that there is good ground to support the document submitted. *Id.* at 21. It also provided the court with explicit authority to impose sanctions for violation of the Rule. *Id.* at 22. The two most important changes made by the 1983 Amendment "were the shift from discretionary to mandatory sanctions and the creation of an objective certification standard, both of which were intended to 'make lawyers stop and think before filing.'" *Lawyers' Responsibilities to the Courts: The 1993 Amendments to Federal Rule of Civil Procedure 11*, 107 Harv.L.Rev. 1629, 1635 (1994).

■ Deterrence, compensation and punishment are all important factors considered by the federal courts in determining Rule 11 sanctions. *See Lawyers' Responsibilities to the Courts*, 107 Harv.L.Rev. at n. 28 (1994); *see also Eastway Constr. Corp. v. City of New York*, 637 F.Supp. 558, 570 (E.D.N.Y. 1986), *modified*, 821 F.2d 121 (2d. Cir.), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987) (*Eastway II* ) ("Sanctions are imposed against the client purely for their deterrent effect. But sanctions are imposed against the attorney also for disciplinary purposes, as a punishment for dereliction of duty by an officer of the court who should know better"). During the latter 1980's and early 1990's, the Supreme Court indicated that the focus of Rule 11 is on deterrence rather than compensation. *See* Rule 11(c)(2); *Pavelic & LeFlore v. Marvel Entertainment*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) (holding individual attorney, rather than law firm, responsible for paying sanctions); *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) (applying Rule 11 to represented parties who sign pleadings, motions and other papers); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397, 110 S.Ct. 2447, 2456, 110 L.Ed.2d

359 (1990) (purpose of Rule 11 is "curbing abuses in the legal system"). In *Pavelic* the Court stated that the purpose Rule 11 is "not reimbursement but 'sanction,'" intended to "bring home to the individual signer his personal, nondelegable responsibility." *Pavelic & LeFlore v. Marvel Entertainment*, 493 U.S. at 126, 110 S.Ct. at 460.

"Deterring frivolous litigation is an important goal; it is valued highly by the judiciary and by the attorneys practicing before it." *Lawyers' Responsibilities to the Courts*, 107 Harv.L.Rev. at 1650. One of the effects of the 1993 Amendments to Rule 11 was to "substantially increase the ability of the Rule to deter truly frivolous litigation." *Id.* The triggering action for certification under the Amended Rule was expanded from signing to "presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper." *Id.* at 1636, *quoting* Rule 11(b). A litigant is now subject to sanction if he presents oral or written argument to a court based on a document that is in violation of the Rule. *Id.* The 1993 Amendments should deter litigants from "insisting upon a position after it is no longer tenable." *Id.*

■ The 1993 Amendments to Rule 11 reacted to *Pavelic* by permitting courts to sanction "attorneys, law firms or parties," instead of limiting the sanctions to the signer of documents. *See* Rule 11(c). However, consistent with the Court's decision in *Pavelic*, the focus of Rule 11 remains on deterrence rather than compensation. *See* Rule 11(c)(2). Under the Amended Rule, the type of sanctions imposed may include nonmonetary sanctions, fines or payment of expenses incurred by the opposing party. *Id.*

■ The Eighth Circuit has suggested, but not required, that trial courts consider sanctions that are the least severe necessary to achieve the objective of the sanction. *Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir.1994). The district court retains broad discretion in choosing the appropriate sanction. *Pope v. Federal Express Corp.*, 49 F.3d 1327, 1328 (8th Cir.1995). "In determining the appropriate sanction, the court may consider the wrongdoer's history,

experience and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, and other factors." *Id. citing White v. General Motors Corp.*, 908 F.2d 675, 685 (10th Cir.1990), *cert. denied*, 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991).

■ The Court finds that the appropriate sanction for violations of Rule 11 in the present case is to require Mr. Pinotti to obtain further legal education in the Federal Rules of Civil Procedure. Sanctions of this kind are expressly contemplated by the 1993 Advisory Committee Notes to Rule 11, and have been imposed by numerous federal courts. *See LaVigna v. WABC Television, Inc.*, 159 F.R.D. 432, 437 (S.D.N.Y.1995); *Vandeventer v. Wabash Nat'l Corp.*, 893 F.Supp. 827, 860 (N.D.Ind.1995); *Curran v. Price*, 150 F.R.D. 85, 87 (D.Md.1993); *Oxfurth v. Siemens A.G.*, 142 F.R.D. 424, 428 (D.N.J.1991).

In *LaVigna v. WABC Television*, 159 F.R.D. 432 (S.D.N.Y.1995), the court found that the plaintiff's retaliation claim under Title VII was legally frivolous and sanctionable under Rule 11. The court found it likely that the Rule 11 violation resulted from counsel's inattention to, or lack of familiarity with, federal law. *Id.* at 437. For this reason, the court ordered counsel to attend continuing legal education on the subjects of federal civil procedure and federal employment discrimination law. *Id.*

In *Curran v. Price*, 150 F.R.D. 85 (D.Md. 1993), the court found the defendant's attorney had improperly filed a notice of removal in federal court. The court chose to impose a non-monetary penalty under Rule 11, "because the improper filing here resulted as much or more form ignorance of the law as from anything else." *Id.* at 86. The court stated that "[t]he proper purpose of a non-monetary penalty should be to educate, especially in a case like this, where the attorney fails to grasp the issue even after it has been explained to him by the Court." *Id.* The court found that requiring attendance at a

CLE would be insufficient to fill the gap in counsel's knowledge. Instead, it required counsel to copy out in longhand materials relating to federal removal law. *Id.* at 87.

In the present case, Plaintiff has filed rambling, confusing and contradictory motions which have unreasonably multiplied the proceedings. Plaintiff has continued this practice after the Court issued its January 12, 1996 Order. For example, in response to Defendant's motion for sanctions, Plaintiff filed a barrage of motions and affidavits which have little or no relation to the issue of sanctions. Regardless of their merit or lack of merit, many of these motions reflect a fundamental lack of knowledge of the Federal Rules of Civil Procedure. One such example is "Plaintiff's Notice of Motion and Motion To Take Judicial Notice That the Final Federal Court Judgment in Radloff v. First American Case Is That It Lacks Jurisdiction." Mr. Pinotti was sanctioned by the court in the *Radloff* case [1] and other cases for making frivolous claims and failing to make a good faith effort to obtain the facts. *See Pope v. Federal Express Corp.*, 49 F.3d 1327, 1328 (8th Cir.1995) (court may consider a wrongdoer's history in determining appropriate sanctions). Mr. Pinotti's refusal to accept court's conclusion in *Radloff* after his appeals and other activity shows that he is unrepentant, or that he still does not understand what he did wrong. One example of Mr. Pinotti's attitude is reflected on page three of his memorandum [Docket No. 100] where he makes an improper and incomprehensible reference to the 1995 bombing of the Alfred Murrah Federal Building in Oklahoma City, Oklahoma. Perhaps such a reference may be interpreted as a veiled threat to the court. In any event, it is disrespectful to the victims of that atrocity, and it has no place in a pleading submitted to any court.

The most appropriate sanction under Rule 11 in these circumstances is to require Mr. Pinotti to obtain thorough education in the Federal Rules of Civil Procedure. Once Mr. Pinotti has obtained a thorough education in

---

1. *Radloff v. First American Nat'l Bank of St. Cloud*, C3–88–455 (7th Dist., Minn.1990), *aff'd*, 470 N.W.2d 154 (Minn.Ct.App.1991), *rev. denied*, C5–90–1792 (Minn., March 15, 1991), *further rev. denied*, (Minn. March 27, 1995), *reconsideration of denial denied* (Minn. April 18, 1991), *permission to permit additional reply or to strike denied*, C6–90–2658 (Minn. July 24, 1991), *petition for vacation of judgment denied*, C1–92–59 (Minn. April 1, 1992).

the Rules, he should be able to submit and respond to motions in a coherent fashion. This will assist in clarifying any remaining issues in this case, and will foster a fair and expeditious disposition of this matter.

Mr. Pinotti shall successfully complete a private course in the Federal Rules of Civil Procedure, and the Local Rules of this Court. The course shall be taught by a professor at an accredited law school and shall consist of at least 40 hours of individualized instruction to be completed no later than July 31, 1996. This date will allow Mr. Pinotti to complete his education without interfering with his practice of law, thus avoiding any financial penalty. On or before August 5, 1996, Mr. Pinotti and his professor shall file with the Court an Affidavit confirming that he successfully completed the course of instruction and is proficient in the practice of law under these Rules.

IT IS HEREBY ORDERED THAT:

1. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the Court imposes a sanction on Michael A. Pinotti. He is required, at his own expense, to successfully complete a course in the Federal Rules of Civil Procedure, and the Local Rules of this Court. This requirement is in addition to the Continuing Legal Education required by the Rules of the Minnesota Supreme Court. The course shall be taught by a professor at an accredited law school, including any of the three Minnesota law schools. It shall consist of at least 40 hours of individualized instruction, and may require more if the professor finds additional instruction is necessary for successful completion of the course. Mr. Pinotti shall complete such coursework no later than July 31, 1996. On or before August 5, 1996, Mr. Pinotti and his professor shall file with the Court an Affidavit certifying that he successfully completed the course and is proficient in the practice of law under these Rules.

2. Plaintiff's Motion To Postpone The Sanction Proceedings Until A Trial On The Merits Is Finalized [Docket No. 93] is granted in part. The Court will consider the appropriate sanctions under 28 U.S.C. § 1927, and attorney's fees and costs under 42 U.S.C. § 12205, after the entire case has been concluded on the merits.

3. Plaintiff's Motion to Amend the Complaint [Docket No. 107] is denied without prejudice. Plaintiff may renew the motion, if appropriate, after Plaintiff's counsel has successfully completed his further education in the Rules.

4. Defendant's Motion for Attorney's fees in the amount of $49,894.91 [Docket No. 82], Defendant's Motion to Dismiss [Docket No. 86] and Defendant's Motion to Amend Answer to include a Counterclaim [Docket No. 87] are denied without prejudice. Defendant may resubmit these motions after Plaintiff's counsel has successfully completed his further education in the Rules.

5. Plaintiff's Motion To Vacate For It Ruled On A Claim Plaintiff Did Not Assert Or Sign [Docket No. 95] is denied.

6. Plaintiff's Motion to Vacate For It expressly Quoted From a Misdated September 12, 1994 Medical Report [Docket No. 97] is denied.

7. Plaintiff's Motion To Find that Defendant's Attorney Breached His Duty Of Candor To the Court [Docket No. 102] is denied.

8. "Plaintiff's Notice of Motion and Motion To Take Judicial Notice That the Final Federal Court Judgment in Radloff v. First American Case Is That It Lacks Jurisdiction" [Docket No. 99] is denied.

