**Richard A. LANHAM, Sr., Commissioner of Correction**

v.

**Leroy GRIFFIN.**

**No. Civil S 98–1770.**

United States District Court,
D. Maryland.

June 8, 1998.

Scott S. Oakley, Law Office, Baltimore, MD, Karl Aram Pothier, Law Office, Baltimore, MD, for Richard A. Lanham, Sr., Commissioner of Correction, Plaintiff.

Joseph B. Tetrault, Prisoner Rights Information System of Maryland, Inc., Chestertown, MD, for Leroy Griffin, Defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This is a case commenced by the Commissioner of Correction of the State of Maryland in the Circuit Court for Washington County, Maryland, seeking injunctive relief requiring the defendant, a Maryland prisoner, to submit to life-saving medical treatment for diabetes. The defendant has been refusing insulin since Sunday, May 31, 1998, and he attempted to commit suicide by hanging himself on June 1, 1998. The complaint asserts that, under Maryland law, the plaintiff has custodial responsibility for the well-being of the defendant, which justifies the granting of an injunction to force the defendant to submit to life-saving medical treatment.

The defendant filed a notice of removal on June 4, 1998, following the grant by the Circuit Court for Washington County, Maryland, of a temporary restraining order against the defendant. The ostensible statutory grounds for removal were cited as 28 U.S.C. §§ 1331 and 1343(a)(3) and 42 U.S.C. § 1983. The defendant has requested leave to proceed in *forma pauperis*.

The Court, pursuant to 28 U.S.C. §§ 1915 and 1915A, has reviewed the notice of removal, the state court complaint, and the motion for leave to proceed in *forma pauperis*. For reasons stated post, the Court has determined that the defendant should not be allowed to proceed in *forma pauperis,* as there is no jurisdictional basis for a federal court to entertain this lawsuit, and, thus, insofar as the defendant attempts to proceed in *forma pauperis* to invoke this Court's jurisdiction, such attempt is legally frivolous. 28 U.S.C. § 1915A(b)(1). Furthermore, the Court concludes that this case was improvidently removed, without jurisdiction, and the case

must, therefore, be remanded pursuant to 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the chase *shall* be remanded." (Emphasis added.)

▇ It is perfectly plain that the removal jurisdiction of the federal court depends upon the plaintiff's complaint. Unless the plaintiff's complaint relies upon federal law, there is simply no federal-question removal jurisdiction. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (regarding this principle as entirely settled). The fact that the state court defendant might rely on federal rights, be they constitutional or statutory, in defense of the action does not confer federal question removal jurisdiction. *Curran v. Price,* 150 F.R.D. 85, 86 (D.Md.1993). This concept is so well-established that this Court has, in the past, imposed sanctions under Fed.R.Civ.P. 11 upon an attorney who removed a state-court case to this Court on the basis of a defense premised upon the United States Constitution. *Id.*

▇ In this case, the notice of removal states the following as the jurisdiction for removal:

> Defendant has a right guaranteed by the First Amendment to the United States Constitution and the Eighth Amendment to the United States Constitution, both made applicable to the State of Maryland through the Fourteenth Amendment's Due Process Clause, as well as a right guaranteed directly by the Due Process Clause, as well as rights guaranteed by the common law of the State of Maryland, to be free from the unwarranted bodily intrusion caused by forced medical treatment.

As is plain from the foregoing, removal in this case is sought contrary to the rule recognized by the Supreme Court in *Caterpillar, supra,* and enforced by this Court in *Curran v. Price, supra.* The plaintiff's complaint in this case raises absolutely no federal question, as the plaintiff seeks only to enforce Maryland law.

Consequently, an Order will be entered separately, denying the defendant's motion to proceed in *forma pauperis,* and remanding this case to the Circuit Court for Washington County, Maryland, with costs assessed against the defendant. The Court will not assess attorney's fees against the defendant, in that it does not appear that the plaintiff's attorneys have expended any effort in connection with removal and/or remand.

An appropriate, separate Order will be entered.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is, this 8th day of June, 1998, by the Court, ORDERED:

1. That defendant's motion to proceed in *forma pauperis* BE, and it hereby IS, DENIED;

2. This case BE, and it hereby IS, REMANDED to the Circuit Court for Washington County, Maryland, with costs assessed against the defendant;

3. That the Clerk of. Court mail copies hereof and of the foregoing Memorandum Opinion to counsel for the parties; and

4. That the Clerk of Court forthwith transmit the record herein along with a certified copy of this Order to the Clerk of the Circuit Court for Washington County, Maryland.