**Brandie BARRETT, Plaintiff,**

v.

**BRIAN BEMIS AUTO WORLD,
et al., Defendants.**

**No. 04 C 50149.**

United States District Court,
N.D. Illinois,
Western Division.

Sept. 13, 2005.

Norman H. Lehrer, Richard Lawrence Canavan, William George Hutul, Lehrer, Flaherty & Canavan, Wheaton, IL, for Plaintiff.

Marcy L. Buick, Cliffe, Foster & Corneille, Dekalb, IL, Gregory A. Biegel, Thomas J. Lester, Hinshaw & Culbertson, Rockford, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

MAHONEY, United States Magistrate Judge.

This matter is before the court on Plaintiff's August 11, 2005 Motion for Sanctions. Plaintiff seeks an award of attorney and expert fees, and a bar from further deposition of Plaintiff's expert, Phillip Grismer. For the reasons stated below, Plaintiff's Motion is granted in part and denied in part.

## I. History

Brandie Barrett ("Plaintiff") seeks an award of sanctions against Brian Bemis Auto World ("Defendant") and its counsel due to the cancellation of the July 21, 2005 deposition of Plaintiff's expert, Phillip Grismer ("Grismer"). Prior to the scheduled deposition, Defendant served Grismer with a subpoena on June 23, 2005 that commanded Grismer to appear for a deposition on July 21, 2005. Grismer was also commanded to forward copies of nineteen items listed in an attached Rider to defense counsel's office on or before July 5, 2005. According to Defendant's counsel, the requested documents were needed for preparation for Grismer's deposition. See Def.'s Resp., at Ex. D, para. 3. According to defense counsel's affidavit, Plaintiff's counsel assured her that Grismer would submit the Rider documents prior to July 5, 2005. Id. at para 4.

Defense counsel, a representative for Defendant, counsel for Plaintiff, and Grismer all appeared for the July 21, 2005 deposition. Grismer produced the documents requested in the Rider from the subpoena at the start of his deposition. Defense counsel pointed out that Grismer had not produced the documents requested in the Rider to defense counsel's office on or before July 5, 2005. Thereafter, Defense counsel stated she was continuing the deposition to allow her time to examine the Rider documents. Plaintiff's counsel protested, stating many of the pro-

duced documents were already in Defendant's possession and insisting that Defendant go forward with the deposition on the material previously produced. Defendant's counsel disagreed, and the deposition was cancelled.

Both sides offer details of the events leading up to cancelled deposition. Plaintiff's counsel maintains that he had contacts with defense counsel on July 19 and July 20, 2005, and no mention was made that Grismer's deposition would be continued. Plaintiff's counsel also states that defense counsel's staff confirmed that Grismer's deposition was going on July 21, 2005, when he called on July 20, 2005. Defense counsel, on the other hand, maintains that she was unable to prepare for the deposition in a meaningful way given the fact she did not know what documents Grismer would bring to the deposition, and the fact that she was presented with a three inch stack of unknown documents at Grismer's deposition. The parties, apparently unable to resolve their dispute after the deposition, appeal to the court.

## II. Analysis

At first glance, it appeared to the court that the parties disagreed on the completeness of Plaintiff's 26(a)(2) disclosure. However, further review of the 26(a)(2) disclosure and Defendant's Rider revealed otherwise. A second inspection showed that the parties' disagreement centers on the production of documents in Defendant's Rider, which actually seeks materials beyond the expert disclosures set forth in the Federal Rules.

Under Rule 26(a)(2)(B), disclosures:
shall be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has

testified as an expert at trial or by deposition within the preceding four years.

Defendant's Rider seeks documents exceeding the scope of the Rule, such as "all documents demonstrating your qualifications," "documents demonstrating any training courses ... that you have attended," and "a list of insurance companies and service contract companies that have employed you." Generally, this court frowns upon expert disclosure requests beyond the items listed in 26(a)(2)(B) because the Rule provides sufficient discovery, the limitation cuts down on discovery costs, and the parties have the opportunity to depose the expert and clear up any unsettled matters at a later time.

Nonetheless, in this case, it appears that the parties have stipulated to the production of items not covered by the rule,[1] and want the court to sort out the mess that arose when those items were not timely produced, namely defense counsel's last minute cancellation of Grismer's deposition.

■ Failure to proceed with a properly noticed deposition is sanctionable under Federal Rule 30(g), which provides:

> If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney' fees.

Fed.R.Civ.P. 30(g)(1). In deciding a Motion for Sanctions, the court should consider all the circumstances, such as whether the failure was inadvertent or in bad faith, when setting proper sanctions.

■ Here, the court finds that reasonable sanctions under Rule 30(g)(1) are warranted. While defense counsel may have very well believed she was prejudiced by the late production of the Rider documents, at the very least, counsel should have started the deposition on the topics she was prepared for and continued the deposition to reserve the opportunity to question Plaintiff's expert on the new disclosures if it became necessary. It was also incumbent upon defense counsel to alert Plaintiff's counsel to the fact that she did not intend to proceed with the deposition due to the delayed production before the day of the deposition. At any time following the July 5th deadline, defense counsel could have brought her complaint to Plaintiff's attention. Yet, up until the deposition started, Plaintiff was given no clue that the deposition would not go forward. Instead, defense counsel's staff confirmed that the deposition was going forward on July 20, 2005.

■ Because defense counsel could and should have spared all parties the trip to DeKalb for the deposition and the wasted time spent at the deposition, and further had sufficient information to take a significant portion of the deposition, the court awards Plaintiff reasonable expenses to cover the travel and deposition time of Plaintiff's counsel and Plaintiff's expert. Based on the Motion, Grismer spent 1.5 hours traveling to the deposition and 1.25 hours at the deposition itself. At $100.00 per hour, the amount stated in Plaintiff's 26(a)(2) disclosures, Plaintiff is entitled to $275.00 to cover the costs of Plaintiff's expert. Plaintiff's attorney does not submit a breakdown of costs for the court, but does state he spent "3.0 hours preparing for, in travel to and in attendance at" Grismer's deposition. Based on this statement, the court awards $500.00 in attorney fees to Plaintiff. The court does not award sanctions based on the time spent in preparation for the deposition, as this time is not wasted. The court also does not award the costs of the Motion or bar further deposition of Grismer as the court sees no evidence that the deposition was cancelled in bad faith.

### III. Conclusion

In summary, Plaintiff's Motion for Sanctions is granted in part and denied in part. The court awards Plaintiff $275.00 in expert fees, $500.00 in attorney fees, totaling

---

1. The court assumes the parties stipulated to production because no Motion for a Protective Order or Motion to Quash the Subpoena Rider was filed, Defendant's counsel filed an affidavit stating that Plaintiff's counsel assured her that Grismer would submit the Rider documents prior to July 5, 2005, and because Grismer delivered all the documents requested in the Rider at his July 21 deposition. *See* Def.'s Resp., at Ex. D; Pl.'s Mtn., at 2.

$775.00 to be paid within fourteen days of receipt of this Order.