09-4241-cv
*Edmonds v. Seavey*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of May, two thousand and ten.

PRESENT: AMALYA L. KEARSE,
         ROBERT D. SACK,
         RICHARD C. WESLEY,
                  *Circuit Judges*.

_____

JOHN L. EDMONDS, Individually and as a Managing General Partner of Fifth and 106th Street Housing Company, Inc.,

         *Plaintiff-Counter-Defendant-Appellant*,

CHARLES H. HILL ASSOCIATES, as a limited partner of Church Home Associates, LP, a/k/a Charles H. Hill Associates, LP,

         *Plaintiffs*,

         -v.-                                09-4241-cv

ROBERT W. SEAVEY, Individually and as a General Partner of Fifth and 106th Street Associates, LP, AVERY B. SEAVEY, Individually and as a General Partner of Logan Plaza Associates, LP, and Church Home Associates, and Owner of Dalton Management Company, LLC, RONALD DAWLEY, as Chief Executive Officer of Dalton Management Company, LLC, DALTON MANAGEMENT COMPANY, LLC, THE SEAVEY ORGANIZATION, NEAL B. SEAVEY, Individually and as Owner, Manager and Member of

Dalton Management Company, LLC, PHYLLIS M. SEAVEY, Individually and as Owner, Manager and Member of Dalton Management Company, LLC,

*Defendants-Counter-Claimants-Appellees,*

MARKS PANETH & SHRON, LLP, Auditors

*Defendants-Appellees,*

CHARLES HILL ASSOCIATES, CHARLES HILL ASSOCIATES, LP, as a Limited Partner of Church Home Associates, LP, LOGAN PLAZA ASSOCIATES, LP,

*Defendants.*[*]

FOR APPELLANT:        M. DOUGLAS HAYWOODE, Law Office of M. Douglas Haywoode, Brooklyn, NY.

FOR APPELLEES
ROBERT W. SEAVEY,
ET AL.:               SCOTT E. MOLLEN, M. DARREN TRAUB, Herrick, Feinstein LLP, New York, NY.

FOR APPELLEES
MARKS PANETH &
SHRON, LLP:           WILLIAM J. KELLY, THOMAS R. MANISERO, Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains, NY.

Appeal from the United States District Court for the Southern District of New York (Baer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

---

[*] The Clerk of the Court is respectfully directed to amend the official caption in this action to conform with that of this summary order.

Appellant appeals from a judgment of the United States District Court for the Southern District of New York (Baer, *J.*) dated September 15, 2009, granting summary judgment to the defendants and dismissing appellant's claims in their entirety. Appellant also challenges the May 5, 2009 opinion and order of Magistrate Judge Francis awarding costs to the defendants for appellant's failure to attend a deposition that he noticed, as well as the December 2, 2009 opinion and order of the district court imposing sanctions against appellant's attorney under Rule 11 of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Following a *de novo* review, we find no error in the district court's September 15, 2009 opinion and order granting summary judgment to the defendants. After more than a year of both formal and informal discovery, appellant has adduced no evidence that would permit a reasonable fact finder to conclude that the defendants have engaged in a pattern of "racketeering activity" within the meaning of the civil RICO statute. *See* 18 U.S.C. § 1961 *et seq.*; *see also Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178,

3

183 (2d Cir. 2008).  Instead, this case presents little more than a business dispute in which appellant – the aggrieved business partner – can demonstrate, at most, negligent accounting on the part of the defendants.  Because that is plainly insufficient to prevail on a civil RICO claim, the court below properly dismissed it.[1]  *See Qatar Nat'l Navigation & Transp. Co., Ltd. v. Citibank, N.A.*, No 89-civ-0464(CSH), 1992 WL 276565, at *5 (S.D.N.Y. Sept. 29, 1992), *aff'd* 182 F.3d 901 (2d Cir. 1999) (summary order).

We also find no basis to reverse either of the sanctions awards below.  "We review all aspects of a District Court's decision to impose sanctions for abuse of discretion."  *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999).

The magistrate did not abuse his discretion in his May 5, 2009 order imposing sanctions based on the refusal of appellant's counsel to attend a deposition that he noticed, and the district court correctly affirmed that award.  *See*

---

[1] As there existed no independent basis for subject matter jurisdiction over appellant's remaining state law claims, the district court was well within its discretion to decline to exercise supplemental jurisdiction over those claims.  *See, e.g., Matican v. City of New York*, 524 F.3d 151, 154-55 (2d Cir. 2008).

Fed. R. Civ. P. 30(g);[2] *see also* 28 U.S.C. § 636(b)(1)(A) (permitting magistrate to resolve certain pretrial matters, subject to "clearly erroneous or contrary to law" standard). Appellant's counsel purported to cancel the deposition of Mrs. Seavey the evening before it was to take place – a Sunday, no less – in retaliation for the defendants' purported "obstructions in the discovery process." We agree that this proffered explanation is nothing more than pretext. Appellant's counsel did not even know the contents of the documents that were being "obstructed," much less whether they were relevant to the deposition when he cancelled it. And, in any case, the proper course would have been to proceed with the deposition while reserving the right to recall Mrs. Seavey and question her about subsequent disclosures if it proved necessary. *See, e.g., Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535, 537 (N.D. Ill. 2005).

Finally, the district court's December 2, 2009 order imposing sanctions under Rule 11 was a legitimate exercise of discretion. Appellant has not propounded a single fact

---

[2] This Rule provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to[] ... attend and proceed with the deposition." Fed. R. Civ. P. 30(g)(1).

to substantiate his allegation that the defendants have been engaged in a pattern of racketeering activity. He fails to point to any evidence showing that the defendants have misappropriated funds, issued fraudulent financial statements, or otherwise committed malfeasance cognizable under the civil RICO statute. Both the record in this case and the submissions of counsel confirm for our Court, a conclusion drawn below, that counsel does not appear to comprehend the function of the civil RICO statute. Thus, the district court's chosen sanction is particularly apropos: requiring that counsel attend CLE courses in the relevant subject area.[3]

We have reviewed all of appellant's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Notably, such a sanction is not without precedent. *See, e.g., Balthazar v. Atl. City Med. Ctr.*, 137 Fed. Appx. 482, 490-91 (3d Cir. 2005) (unpublished); *LaVigna v. WABC Television, Inc.*, 159 F.R.D. 432, 437 (S.D.N.Y. 1995).